## 65855. HELTON v. THE STATE.

Quillian, Presiding Judge.

Defendant appeals the revocation of his probation.

In September 1981 defendant pled guilty to burglary and was placed on probation for five years under the First Offender's Act (OCGA § 42-8-60 et seq. (Code Ann. § 27-2727 et seq.)) without adjudication of guilt. The terms and conditions of the probation were set forth in the court's order. In May 1982, the court determined that defendant had violated his probation, revoked it, entered an adjudication of guilt, sentenced defendant to serve five years, and placed defendant on probation again for all except the first three months of the sentence. No terms and conditions of probation were set forth in the court's order creating this probation nor in any document attached thereto. In August 1982, defendant was again brought before the court for violation of this latter probation by violating the penal laws of the state. Despite defendant's objections that he could not be found in violation of the terms and conditions of his probation if there were no such terms and conditions, the court found a violation of the probation, revoked it and ordered defendant

to serve the remainder of the five-year sentence. *Held:*

It is well settled that a probation cannot be revoked for violation of terms and conditions if there are no terms and conditions to the probation. " 'To deprive a defendant of his liberty upon the theory that he has violated rules and regulations prescribed in his sentence, when no rules, regulations, conditions, limitations, or restrictions were imposed by such sentence, would deprive the defendant of "due process of law." The defendant was not put on notice of what was expected or demanded of him, and the judge only has authority to revoke the suspension or probation when the defendant has violated any of the rules and regulations prescribed by the court.' [Cits.]" *Hinton v. State,* 127 Ga. App. 853 (2), 854 (195 SE2d 472).

The state argues that defendant was well aware of the conditions of his probation imposed under the First Offender's Act and that the adjudication of guilt, sentencing and another term of probation, was but a continuation of the first offender proceedings probation and its terms and conditions, and was therefore "intrinsically integral" to the instant probation. No evidence or authority is cited for this argument, nor are we aware of any such authority.

The State-wide Probation System (OCGA § 42-8-20 et seq. (Code Ann. § 27-2702 et seq.)) does not provide any support for the state's position, and in any event, is strictly construed in favor of a defendant. *Cross v. Huff,* 208 Ga. 392, 396 (67 SE2d 124).

" 'It is obvious that the General Assembly intended the first offender probation to have a different effect than probation in other cases. Any probationary sentence entered under this Act [cit.] is preliminary only . . .' " *Stephens v. State,* 152 Ga. App. 591 (263 SE2d 477).

When the first offender probation was revoked, that probation, and its terms and conditions, was effectively eliminated, leaving nothing to be carried over to any subsequent probation.

Therefore, the instant probation, lacking any terms and conditions, was improperly revoked.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED MAY 10, 1983.

John W. Davis, Jr., for appellant.

David L. Lomenick, Jr., District Attorney, Ralph Van Pelt, Assistant District Attorney, for appellee.