## A89A0273. MORGAN v. THE STATE.

(381 SE2d 402)

DEEN, Presiding Judge.

The appellant, Mark Anthony Morgan, was convicted of armed robbery. On appeal, he contends that the evidence was insufficient to support the conviction. *Held*:

1. Following his arrest, Morgan confessed fully to having robbed a Wendy's restaurant, in the process wearing a home-made mask and brandishing a starter pistol. The admissibility of this confession is not contested here. The confession was corroborated when Morgan showed the investigating officers where he had disposed of the clothing he wore during the robbery and where he had hidden the starter pistol. The confession was also thoroughly corroborated by the proof of the armed robbery itself, established by the testimony of the victim employees at the Wendy's restaurant. Morgan's confession thus corroborated could legally support his conviction. *Nation v. State*, 180 Ga. App. 460 (1) (349 SE2d 479) (1986). The evidence certainly authorized a rational trier of fact to find him guilty of armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Morgan's contention that the evidence did not support the conviction rests primarily upon the testimony of the Wendy's manager, who was unable positively to identify the starter pistol because he did not get a good look at the weapon during the robbery. Morgan, however, conveniently omits any reference to the manager's unequivocal testimony that he handed the money to Morgan at the latter's instruction, which was emphasized by display of what the manager took to be a handgun.

2. We reject Morgan's contention that the trial court should have directed a verdict of acquittal as to the charge of armed robbery, because a starter pistol is not an offensive weapon per se and because there was no evidence that the starter pistol was used offensively. OCGA § 16-8-41 (a) provides that "[a] person commits the offense of armed robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." By all accounts, the starter pistol

used by Morgan had the appearance of an actual handgun, which most assuredly is an offensive weapon. Morgan's reliance upon *Choate v. State*, 158 Ga. App. 8 (279 SE2d 459) (1981), and *Fann v. State*, 153 Ga. App. 634 (266 SE2d 307) (1980), is misplaced, because since the decisions rendered in those cases, the statute defining armed robbery has been amended to include the prohibition against using "any replica, article, or device having the appearance of such weapon." *Adsitt v. State*, 248 Ga. 237 (6) (282 SE2d 305) (1981).

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED APRIL 3, 1989.

*Kenneth D. Feldman,* for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Assistant District Attorney,* for appellee.