## A90A0106. HANSON v. THE STATE.
(396 SE2d 510)

COOPER, Judge.

Appellant was indicted for burglary and recidivism. He filed a pro se demand for trial pursuant to OCGA § 17-7-170 and subsequently moved to dismiss the charges on the ground that he had not been tried within the next succeeding term of court after his demand for trial. The trial court overruled the motion finding that the demand had been improperly filed. Appellant was tried before a jury and found guilty of both offenses. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict.

1. Appellant enumerates as error the trial court's overruling of his motion to dismiss. A demand for trial serves the important purpose of notifying the State of a "defendant's intention to proceed to a trial, or be discharged, at a subsequent term." *Stripland v. State*, 115 Ga. 578, 581 (41 SE 987) (1902). A 1987 amendment to OCGA § 17-7-170 deleted the requirement that the demand be "placed upon the minutes

of the court" and substituted therefor service on the prosecutor. The demand upon which appellant relies was filed under a civil action number obtained from an earlier habeas corpus action and never appeared on the criminal docket. The certificate of service attached to the demand indicated that a copy was sent to the district attorney's office, however, its records did not reflect its receipt. "The dismissal of a criminal case pursuant to OCGA § 17-7-170 is an extreme sanction which can be invoked only if there has been strict compliance with the statute." *Head v. State*, 189 Ga. App. 111 (375 SE2d 46) (1988). Inasmuch as appellant has not demonstrated proper compliance with the statute the trial court did not err in overruling his motion to dismiss.

2. Appellant alleges the trial court erred in charging the jury relative to recidivism. The issue of recidivism is considered only in the sentencing phase of a trial and "[appellant] had no right to a jury determination of this issue." *Gary v. State*, 186 Ga. App. 231 (366 SE2d 833) (1988). Since the conviction by the jury on recidivism was in error, the case should be remanded so that a presentence hearing can be held pursuant to OCGA § 17-10-2 wherein a determination on the recidivist count should be made.

*Judgment affirmed in part; case remanded in part. Banke, P. J., and Birdsong, J., concur.*

DECIDED JUNE 28, 1990 —
REHEARING DENIED JULY 30, 1990 — CERT. APPLIED FOR.

*L. Clark Landrum*, for appellant.
Ted D. Hanson, *pro se*.
*David E. Perry*, District Attorney, *Ronald M. Adams*, Assistant District Attorney, for appellee.