A94A1004. POPE et al. v. THE STATE.
A94A1005. BUNN et al. v. THE STATE.
(448 SE2d 54)

SMITH, Judge.

Jessie L. Pope, Pope Brothers Logging Company, ("the Popes"), Frank L. Bunn, Frank Leslie Bunn, Jr., John Bunn, and Bunn Logging, Inc. ("the Bunns") appeal the trial court's denial of their motions to dismiss and pleas in bar pursuant to OCGA § 17-7-170.

On July 31, 1992, during the March 1992 term of court,[1] appellants and others were indicted by the Upson County grand jury under the Georgia RICO statute, OCGA § 16-14-4. Appellants filed demands for trial on August 21, 1992, during the August 1992 term. Appellants, among others, moved to quash the indictment. The Bunns were reindicted on March 26, 1993, and filed no additional demands for trial.

On October 26, 1992, still within the August 1992 term, the trial court entered an order granting the motions to suppress evidence and quash the indictments made by the defendants, including appellants, and the State appealed. In *State v. Adams*, 209 Ga. App. 141 (433 SE2d 355) (1993), a previous appearance of this matter, this court reversed the trial court's order quashing the indictments and declined to consider the order suppressing evidence. The remittitur was made a judgment of the trial court on August 9, 1993, during the March 1993 term.

The August 1993 term began on August 16; the November 1993 term began on November 1. Appellants' motions for discharge and acquittal were denied on January 6, 1994, during the November 1993 term.

1. Appellant John Bunn was not named in the first indictment. The record shows no demand for trial on his behalf on either indictment, and he was not a party to the Bunns' motion for discharge and acquittal. Nor was he a party to the trial court's order denying the motions to dismiss and pleas in bar. There is nothing presented for review with respect to this appellant.

2. These appeals are controlled by our decision in *Fletcher v. State*, 213 Ga. App. 401 (445 SE2d 279) (1994), involving others under the same indictment. Appellants' motions to quash the indictment tolled their trial demands in the same term during which they were filed. Six days remained in the March 1993 term on August 9, 1993, the date the remittitur was made the judgment of the trial court. However, that term did not constitute one of the two terms during which appellants were required to be tried under OCGA § 17-7-170, because the clerk of court testified that no juries were impanelled and qualified to try appellants in the final six days of the term. Even if a special term of court were ordered, ten days would be required to prepare the summons and paperwork. The two terms during which appellants were required to be tried under OCGA § 17-7-170 had not elapsed, and the trial court did not err in denying appellants' motions for discharge and acquittal.[2]

---

[1] There are three terms of Superior Court in Upson County, beginning on the third Monday in March and August and the first Monday in November. OCGA § 15-6-3 (19) (D).

[2] Because appellants' motions for discharge and acquittal were premature in any event,

*Judgments affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED AUGUST 5, 1994 —
RECONSIDERATION DENIED AUGUST 18, 1994 —

*Haygood, Lynch, Harris & Melton, C. Robert Melton,* for appellants.

*Michael J. Bowers, Attorney General, Michael E. Hobbs, Deputy Attorney General, J. Philip Ferrero, Assistant Attorney General, Joe L. Chambers, Patrick D. Deering,* for appellee.

---

we need not reach the issue of whether the Bunns' failure to refile a demand for trial upon reindictment rendered their demand ineffective as to the second indictment. See *Dean v. State,* 180 Ga. App. 770 (350 SE2d 489) (1986).