## A95A2375. RAINES v. THE STATE.
(467 SE2d 217)

SMITH, Judge.

J. M. "Mac" Raines was one of numerous individuals indicted by an Upson County grand jury under the Georgia Racketeer Influenced & Corrupt Organizations Act (RICO), OCGA § 16-14-1 et seq.[1] He was charged with two predicate acts, the minimum required for a RICO offense. OCGA § 16-14-3 (8). He was brought to trial with co-defendant Adams, who was charged with 24 predicate acts. After a two-week trial, the jury convicted both Adams and Raines. Raines's motion for new trial was denied and he appeals. Because we find that the State failed to charge two separate predicate acts as required by RICO, we reverse.

The trial of this action produced 26 volumes of record and transcript, but the only evidence with respect to Raines is found in approximately 20 pages of testimony. Construed in favor of the verdict, the evidence shows that Raines sold the timber on a parcel of land to Keadle Timber Company. Joe Garrard, described by the investigating agent as the "linchpin" of a massive timber fraud scheme, "cruised" or estimated the value of the timber for Keadle, his employer. Testimony was presented that the timber on the land was not as stated by Garrard in quantity, size, or value. Testimony was also given by an attorney that Raines did not have good title to all 200 acres of the land in question "because other people had a better title." Keadle employees prepared the timber deed with notations made by Garrard and a legal description provided by Keadle, and Garrard or one of his assistants filed the deed at the courthouse. Raines had no discussions with and made no representations to Keadle's principal, who testified that he relied entirely on his employee, Garrard.

1. Raines contends the State did not show the two "predicate acts" required to create Georgia RICO liability. OCGA § 16-14-3 (8). See *Purvis v. State*, 208 Ga. App. 653, 656 (433 SE2d 58) (1993). Raines was indicted on the basis of "Predicate Act 90," a violation of

---

[1] This indictment and its predecessor have given rise to numerous appeals by some of the individuals and corporations named in the indictments. See, e.g., *Pope v. State*, 214 Ga. App. 458 (448 SE2d 54) (1994), aff'd 265 Ga. 473 (458 SE2d 115) (1995); *Fletcher v. State*, 213 Ga. App. 401 (445 SE2d 279) (1994); *State v. Adams*, 209 Ga. App. 141 (433 SE2d 355) (1993).

OCGA § 16-8-2, theft by taking, by selling a parcel of timber land for a price greatly in excess of its true value by means of false timber-cruising reports. He was also indicted on the basis of "Predicate Act 91," a violation of OCGA § 16-10-20, "fraudulent documents in matters within jurisdiction of state or political subdivisions," by causing a false deed to be filed with the clerk of the superior court.[2] Raines contends these two predicate acts are in reality "two sides of the same coin" — ordinary and customary aspects of a single transaction, the sale of the timber, and therefore cannot constitute the required two separate acts under Georgia RICO. We agree.

In *Cobb v. Kennon Realty Svcs.*, 191 Ga. App. 740 (382 SE2d 697) (1989), a complex real estate transaction was arranged among four persons and a company, involving several loans and corresponding deeds to secure debt. When the transaction failed, several of the participants attempted to bring a civil RICO action. This Court held that the scheme and the various actions taken to further it, though complex, constituted "only the one extended transaction between [appellant] and the appellees" and did not constitute "a pattern of racketeering activity" within the meaning of RICO, OCGA § 16-14-4 (a). *Cobb*, supra at 741-742 (2). See also *Emrich v. Winsor*, 198 Ga. App. 333 (401 SE2d 76) (1991) (sale to two victims in "one isolated transaction" does not establish pattern of racketeering activity); *Waldschmidt v. Crosa*, 177 Ga. App. 707, 709-710 (2) (340 SE2d 664) (1986) ("salting" receipts on several occasions to further sale of business constitutes only one transaction).

The State has failed to respond to Raines's argument based on the RICO decisions of this Court, relying instead on its repeated assertion that the violation of two Code sections constitutes two separate offenses. The issue, however, is not whether Raines *could* have been charged with two separate offenses under other Georgia criminal statutes. He was charged under the Georgia RICO statute, and that statute requires evidence of two separate transactions constituting a "pattern of racketeering activity." The sale of timber from a single parcel of real property, by means of a single deed, in one isolated transaction, cannot be broken down into two predicate acts by separately charging the sale and the filing of the deed. The trial court erred in denying Raines's motion to dismiss, his demurrer to the indictment, and his motion for directed verdict of acquittal.

2. As a result of our decision in Division 1, we need not reach Raines's remaining enumerations of error.

*Judgment reversed. Birdsong, P. J., and Johnson, J., concur.*

---

[2] These would be predicate acts under OCGA § 16-14-3 (9) (A) (ix) and (xv).

DECIDED JANUARY 22, 1996 —

Richard T. Bridges, for appellant.
Johnnie L. Caldwell, Jr., District Attorney, Michael J. Bowers, Attorney General, Michael E. Hobbs, Senior Assistant Attorney General, Patrick D. Deering, for appellee.