A97A0186. THE STATE v. ALLMOND.
(484 SE2d 306)

MCMURRAY, Presiding Judge.

Defendant Allmond entered his plea of guilty to six counts of armed robbery and two counts of possession of a firearm during a felony, and was sentenced ostensibly pursuant to the provisions of the First Offender Act to a period of ten years with the proviso that eight years be served in confinement and the remainder on probation. The State appeals under the authority of this Court's decision in *State v. Johnson*, 183 Ga. App. 236 (358 SE2d 840), maintaining that the sentence imposed by probating a portion of defendant's sentence in confinement is illegal and void since this is in conflict with the mandatory minimum sentence provided by OCGA § 17-10-6.1. *Held*:

OCGA § 17-10-6.1 (b) provides that: "Notwithstanding any other provision of law to the contrary, any person convicted of a serious violent felony . . . [which includes armed robbery and additional specified crimes] shall be sentenced to a mandatory minimum term of imprisonment of ten years and no portion of the mandatory minimum sentence shall be suspended, stayed, probated, deferred, or withheld by the sentencing court and shall not be reduced by any form of pardon, parole, or commutation of sentence by the State Board of Pardons and Paroles." But by its terms OCGA § 17-10-6.1 (b) does not become applicable until a person has been convicted of one of the specified crimes while in the case sub judice the trial court recognized that the entry of the plea and selection for first offender treatment does not result in an adjudication of guilt or conviction. OCGA § 42-8-60. Upon fulfillment of the terms of probation or release from confinement, a first offender is discharged without any adjudication of guilt and is not considered to have a criminal convic-

tion. OCGA § 42-8-62.

Under OCGA § 42-8-65 (c), a person sentenced to a term of confinement as a first offender is deemed to have been convicted of the offense during the term of the confinement. While the State maintains that this provision makes it clear that a person confined under the first offender provisions has been convicted for purposes of OCGA § 17-10-6.1, we do not agree. The purpose of the provision contained in OCGA § 42-8-65 (c) is shown by an uncodified provision of Ga. L. 1985, p. 380, which provides for the repeal of this subsection upon the ratification of a constitutional amendment extending the jurisdiction of the State Board of Pardons and Paroles to consider cases covered by OCGA § 42-8-60. Furthermore, attempting to apply OCGA § 42-8-65 (c) to determine that a sentence is illegal requires a peculiarly circular logic since the presumption of conviction arises only *after* the entry of the sentence so that at the time a sentence is entered there is no presumption of conviction which might bar a lesser sentence.

The legislature is deemed to have had full knowledge of existing law when enacting OCGA § 17-10-6.1 (b). *Powell v. VonCanon*, 219 Ga. App. 840, 841 (2), 842 (467 SE2d 193). Thus, if the legislative intent had been to deny some aspects of first offender treatment to perpetrators of certain crimes, this could have easily been stated. In summary, it does not appear that OCGA § 17-10-6.1 (b) is intended to curtail the provisions of the First Offender Act, and the sentence imposed is legal.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED MARCH 17, 1997 — 

*J. Gray Conger, District Attorney, Patrick B. Moore, Assistant District Attorney*, for appellant.
*Joseph Wiley, Jr.*, for appellee.