A97A0058. CARTER v. THE STATE.
(486 SE2d 79)

BIRDSONG, Presiding Judge.

Latonya Carter was indicted for the crime of reckless conduct, for throwing bleach onto another person's face and shoulder. The trial court denied her motion for directed verdict of acquittal under OCGA § 17-7-170, and the jury convicted her of the offense. She contends here that she was entitled to a directed verdict of acquittal because at arraignment on September 25, 1995, her attorney wrote her demand for a speedy trial on the indictment in the presence of the assistant district attorney. In a two-inch-by-four-inch square space evidently on the back of the indictment, where the charge is designated to be stated and is stated as "reckless conduct," appellant's counsel wrote: "The defendant requests a speedy jury trial pursuant to OCGA Section 17-7-170 [on] 9-25-95 [signed by counsel]." *Held*:

Appellant's speedy trial demand was not properly served on the prosecutor. OCGA § 17-7-170 (a) specifically requires that "the demand for trial shall be served on the prosecutor."

The dismissal of a criminal case pursuant to OCGA § 17-7-170 is an extreme sanction which can be invoked only if there has been a strict compliance with the statute. *Grier v. State*, 198 Ga. App. 840, 841 (403 SE2d 857); *Hanson v. State*, 196 Ga. App. 589, 590 (396 SE2d 510). The law requires judicially compelled cessation of prosecution of a criminal offense as an extreme sanction for the State's tardiness in proceeding (*Ferris v. State*, 172 Ga. App. 729, 731 (1) (324 SE2d 762)), when the defendant has properly filed a demand for speedy trial. OCGA § 17-7-170 (b). And, because of the severity of this sanction, the one who calls for it must file with the court a clear demand to be tried within the next succeeding term of court, *Ferris*, supra at 731, and must alert the prosecutor by service of a copy of the

demand, as the statute requires.

In *Maddox v. State*, 218 Ga. App. 320, 322 (1) (461 SE2d 286) we held that a defendant seeking acquittal under OCGA § 17-7-170 must "demonstrate strict compliance with the demand statute." The statute requires *service* on the prosecutor. In *Maddox*, we held that merely sending a demand to the trial court and having it filed in the clerk's office constituted insufficient service *on the State*. It is also insufficient "service" on the prosecutor that the defendant, as in this case, writes a demand for speedy trial on the indictment or some other paper in the presence of the prosecutor or his agent. Such an act does not ensure that the prosecutor actually receives legal notice of the demand for speedy trial. Without actual formal legal service and a certificate of service, there is nothing to guarantee that the demand which appellant's attorney wrote on the court document was seen by the prosecutor, even if it was written in his presence. Moreover, considering the broad access to court records, there is nothing to guarantee the date on which it was written. Actual notice is what is required. Merely writing a demand on a court document does not constitute *actual notice* to the prosecutor. It is contemplated that service will actually be "effected" on the prosecutor. See *State v. Bostwick*, 181 Ga. App. 508, 509 (352 SE2d 824). We think also that where a defendant seeks the extreme sanction of directed verdict of acquittal and discharge under OCGA § 17-7-170, the strict statutory requirement that he "serve" his demand "on the prosecutor" requires at least the formality required of the prosecutor in serving the defendant with notice of arraignment. See OCGA § 17-7-91 (a).

Inasmuch as appellant did not strictly comply with the express statutory requirements of OCGA § 17-7-170 by serving the prosecutor with a demand for speedy trial, the trial court did not err in denying appellant the extreme sanction of a directed verdict of acquittal and discharge in this case. It therefore becomes unnecessary to consider whether the special term of court counted as a next following term of court for the purposes of acquitting the defendant pursuant to a proper demand for speedy trial.

*Judgment affirmed. Eldridge, J., concurs. Ruffin, J., concurs specially.*

RUFFIN, Judge, concurring specially.

While I agree with the majority's analysis and judgment, I write separately to point out certain pertinent facts which I believe gives more validity to the Court's opinion in this case. The majority notes that Carter's attorney wrote her demand for a speedy trial on the indictment "in the presence of the assistant district attorney." However, while the assistant district attorney may have been present at Carter's arraignment, there is no evidence whatsoever that the assis-

tant district attorney knew of the demand for a speedy trial or was in the immediate vicinity when Carter's attorney wrote the demand for a speedy trial on the indictment.

The prosecutor in the present case denied any knowledge of the demand for a speedy trial and stated that he learned of the demand only when the case was placed on the calendar. When questioned whether the demand for a speedy trial was served on the prosecutor, Carter's attorney refused to directly answer the question and merely responded that the prosecutor "was present during arraignment." Thus, pretermitting whether the prosecutor must be personally served with the demand for a speedy trial or whether actual knowledge of such a demand will suffice, it is clear that the prosecutor in the present case did not have actual knowledge of the speedy trial demand. Accordingly, I concur in the majority's opinion.

DECIDED APRIL 17, 1997 — ▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮ Before Judge Whalen.
*Michael B. King*, for appellant.
*William T. McBroom III, District Attorney, Chad D. Graddy, Assistant District Attorney*, for appellee.