A97A1591. LOCKHART v. THE STATE.
(489 SE2d 594)

ELDRIDGE, Judge.
Appellant, Stanley L. Lockhart, pled guilty but mentally re-

tarded to burglary and rape on June 12, 1995. He was sentenced in the Sumter County Superior Court to ten years imprisonment (five to serve) on the burglary charge, and ten years (two to serve) on the rape charge, to be served consecutively. Subsequent to the sentencing, the Georgia Attorney General's office notified the Sumter County District Attorney's office that appellant's sentence was void, as appellant should have been sentenced under the provisions of OCGA § 17-10-6.1, which requires a mandatory ten year sentence for rape, without the possibility of parole. On February 20, 1997, appellant was re-sentenced to two ten year terms of imprisonment to be served concurrently. Appellant appeals from this order. *Held*:

Appellant asserts that the trial court erred in voiding the previous sentence and re-sentencing him under OCGA § 17-10-6.1. We disagree and affirm the trial court's order.

OCGA § 17-10-6.1 identifies seven "serious violent felon[ies]," including rape, as defined in OCGA § 16-6-1. OCGA § 17-10-6.1 (a) (4). This provision requires that anyone convicted of one of the enumerated violent felonies "shall be sentenced to a mandatory minimum term of imprisonment of ten years" without the possibility of "pardon, parole, or commutation of sentence. . . ." OCGA § 17-10-6.1 (b).

OCGA § 17-10-6.1 was enacted by the Georgia General Assembly in 1994 and became effective on January 1, 1995, following voter ratification of a related constitutional amendment. Ga. L. 1994, p. 1959, § 18; see also Ga. Const. of 1983, Art. IV, Sec. II, Par. II. Section 16 of the Act, which was not codified, provided in relevant part that, "The provisions of this Act shall apply only to those offenses *committed* on or after the effective date of this Act. . . ." (Emphasis supplied.) Ga. L. 1994, p. 1959, § 16.

In the same legislative Act, the General Assembly also amended OCGA § 16-6-1 (b), the rape statute, to provide for a punishment of "not less than ten nor more than 20 years" imprisonment for a rape conviction. Ga. L. 1994, p. 1959, § 5. However, the General Assembly amended OCGA § 16-6-1 two years later, in 1996, to provide for imprisonment of "not less than one" year, instead of the previous ten year minimum sentence. Ga. L. 1996, p. 1115, § 1. The effective date of the 1996 amendment was July 1, 1996. Id.

In the case sub judice, appellant asserts that, since he was re-sentenced by the trial court on February 20, 1997, OCGA § 16-6-1, as amended in 1996 to remove the minimum ten year sentence, should apply, because the previous version of OCGA § 16-6-1 was no longer "valid." Appellant cites to an unofficial opinion of the Georgia Attorney General which stated that, after July 1, 1996, the mandatory minimum term of imprisonment for rape is one year. Op. Atty. Gen. No. U96-20 (issued October 25, 1996).

However, appellant's acts which were the basis of the June 1995 guilty plea took place on February 27, 1995, several weeks after the January 1, 1995 effective date of OCGA §§ 17-10-6.1 and 16-6-1 (b), as amended, and over 16 months before OCGA § 16-6-1 was amended. Therefore, the trial court was required to sentence appellant in accordance to the sentencing provisions that existed *at the time of his criminal act*. See *Conrad v. State*, 217 Ga. App. 388, 391 (457 SE2d 592) (1995); see generally *Akins v. State*, 231 Ga. 411, 412 (202 SE2d 62) (1973). Failure to sentence appellant to a mandatory ten year sentence without the possibility of parole was error as a matter of law, so that the June 1995 sentence was void ab initio and re-sentencing was required. See *Conrad v. State*, supra at 391; *Jefferson v. State*, 205 Ga. App. 687 (423 SE2d 425) (1992); *Gonzalez v. State*, 201 Ga. App. 437, 438 (411 SE2d 345) (1991) (holding that "if the sentence imposed was a void sentence, then a new and valid sentence can be imposed by the trial judge at any time").

The fact that OCGA § 16-6-1 (b) subsequently was amended to reduce the sentence for the crime has no bearing on this case, as laws, particularly criminal laws, are prospective in nature and are not applied retroactively absent a clear expression of the intent of the General Assembly to do so. See OCGA § 1-3-5; *Jackson v. State*, 223 Ga. App. 471 (477 SE2d 893) (1996). This holding is further supported by the Attorney General's opinion cited by appellant, which stated specifically that "as of July 1, 1996, there is *no longer* a mandatory minimum ten year sentencing provision for rape . . ." and which leads to the conclusion that the previous ten year minimum mandatory sentence, under which appellant should have been sentenced in 1995, was not invalidated by the subsequent amendment of OCGA § 16-6-1. (Emphasis supplied.) Op. Atty. Gen. No. U96-20, supra.

There was no error in the trial court's February 1997 re-sentencing of appellant.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED JULY 21, 1997.

*Harper & Barnes, Russ F. Barnes*, for appellant.
*John R. Parks, District Attorney, Barbara A. Becraft, Assistant District Attorney*, for appellee.