## A98A0636. FLEMING v. THE STATE.
### (504 SE2d 542)

POPE, Presiding Judge.

Denorris Fleming was tried for armed robbery, motor vehicle hijacking, and aggravated assault. He was acquitted of the hijacking charge, and the jury returned a verdict finding him guilty of armed robbery and the lesser offense of simple assault. Fleming appeals, arguing that the court erred in failing to grant his motion for directed verdict; in failing to charge the jury as he requested; and in failing to consider his First Offender Petition. For the following reasons, we affirm Fleming's conviction and sentence, although in so doing we overrule *State v. Allmond*, 225 Ga. App. 509 (484 SE2d 306), cert. denied, 225 Ga. App. 906 (1997).

Viewing the evidence in the light most favorable to the verdict, on April 21, 1996, the victim was seated in her car in a driveway when she saw Fleming get out of a car. Fleming ran to the driver's side of the victim's car, stuck a gun inside the window of the car, and told the victim to get out of the car. When the victim complied, Fleming jumped in the car and drove off.

Although the weapon Fleming used the night of the crime was actually a pellet gun, the victim testified that on the night of the incident she thought the gun was a real one. The victim also testified that she thought Fleming would shoot her if she did not obey his instructions.

The victim identified Fleming as the perpetrator of the crime both in a photographic lineup and later in a lineup of individuals. She also identified Fleming at trial.

Officer Patricia Boyce of the City of East Point testified that she was patrolling an apartment complex when she saw Fleming rushing away as he saw the police vehicle. Her partner chased Fleming on foot, and Officer Boyce then saw a lady's purse inside the vehicle

Fleming had occupied. Officer Boyce ran the vehicle's tag and discovered that it had been reported stolen within the hour.

Fleming gave a statement to police the day after the incident in which he denied any involvement in the carjacking. Several days later he gave a videotaped statement, in which he stated that he was joyriding during "Freaknik" weekend and was just joking when he pulled the gun on the victim. Fleming wrote a letter of apology to the victim, which an officer mailed to her.

At trial Fleming testified that at the time of the incident he was drinking and had intended to simply ask the victim for her phone number. Although Fleming stated that he did not remember pointing the gun at the victim, he admitted that twice he told her to get out of the car. On cross-examination, Fleming conceded that he approached the victim's car with the gun in his hand and tapped on the car door with the gun. Fleming again apologized for his behavior.

1. Fleming claims that the evidence was insufficient to support the conviction for armed robbery and that the court erred in denying his motion for directed verdict. Specifically, he argues that the pellet gun used in the incident was not an offensive weapon and that he did not use the pellet gun in an intimidating manner.

We disagree. Based on the evidence presented, we conclude that, as used in this incident, the pellet gun constituted an offensive weapon. *Morgan v. State*, 191 Ga. App. 226, 227 (2) (381 SE2d 402) (1989); *Pettway v. State*, 204 Ga. App. 804 (420 SE2d 619) (1992); see generally OCGA § 16-8-41 (a). A rational trier of fact could find from the evidence adduced at trial proof of Fleming's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Fleming argues that the court erred in failing to give two of his requested jury charges. Fleming's claim that the court erred in failing to give his requested instruction regarding offensive weapons is without merit for the reasons stated in Division 1. Moreover, the charge which the court gave regarding the term "offensive weapon" was proper.

Fleming's argument that the court should have charged the jury on the lesser included offense of theft by taking is also without merit. The transcript shows that the court initially charged the jury on armed robbery and on the lesser included offense of robbery by intimidation. The jury twice asked to be recharged on armed robbery and the lesser included offense of robbery by intimidation, and the court twice recharged the jury.

" 'A written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense.' (Citation and punctuation omitted.) *Edwards v. State*, 264 Ga. 131, 132 (442 SE2d 444) (1994). However,

'where the state's evidence establishes all of the elements of an offense *and there is no evidence raising the lesser offense,* there is no error in failing to give a charge on the lesser offense.' (Emphasis in original.) Id. at 133." *Hopkins v. State,* 227 Ga. App. 567 (1) (489 SE2d 368) (1997). See also *James v. State,* 210 Ga. App. 454, 455 (2) (b) (436 SE2d 565) (1993). Here, there was no evidence which would authorize the court to charge on the lesser included offense of theft by taking. Fleming made a videotaped confession admitting to all elements of armed robbery and admitted at trial that he took the car by using a gun. Fleming was guilty of armed robbery or robbery by intimidation, and the appropriate crimes were charged.

3. Finally, Fleming contends that the court erred when it failed to consider his First Offender Petition. Fleming filed the petition after the verdict was returned, but before the court entered the sentence. Fleming's petition was timely. See generally OCGA § 42-8-60 (a).

In sentencing Fleming, the court relied on *State v. Stuckey,* 145 Ga. App. 434 (243 SE2d 627) (1978), and because of the mandatory minimum sentences set forth in OCGA § 17-10-6.1, determined that it lacked authority to impose a sentence of less than ten years. Fleming argues that *State v. Allmond,* 225 Ga. App. 509, established that the provisions of the First Offender Act applied to the serious violent felonies listed in OCGA § 17-10-6.1.

At the time of the March 25, 1997 sentencing hearing, OCGA § 17-10-6.1 (b) provided: *"[n]otwithstanding any other provisions of law to the contrary,* any person convicted of a serious violent felony . . . [which includes armed robbery as defined in Code section 16-8-41] shall be sentenced to a mandatory minimum term of imprisonment of ten years and no portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court and shall not be reduced by any form of pardon, parole, or commutation of sentence by the State Board of Pardons and Paroles." (Emphasis supplied.) See generally *Bryant v. State,* 229 Ga. App. 534 (494 SE2d 353) (1997); *Hutchison v. State,* 230 Ga. App. 143 (495 SE2d 618) (1998). Subsection (d) of § 17-10-6.1 states: "[f]or purposes of this Code section, a first conviction of any serious violent felony means that the person has never been convicted of a serious violent felony under the laws of this state or of an offense under the laws of any other state or of the United States, which offense if committed in this state would be a serious violent felony." OCGA § 16-8-41, which defines armed robbery, provides in subsection (d): "[a]ny person convicted under this Code section shall, in addition, be subject to the sentencing and punishment provisions of Code Sections 17-10-6.1 and 17-10-7." See *State v. Stuckey,* 145 Ga. App. 434; compare *Lockhart v. State,* 227 Ga. App. 481 (489 SE2d

594) (1997).

The First Offender Act of OCGA § 42-8-60 (a) provides: "[u]pon a verdict or plea of guilty or a plea of nolo contendere, but before an adjudication of guilt, in the case of a defendant who has not been previously convicted of a felony, the court may, without entering a judgment of guilt and with the consent of the defendant: (1) Defer further proceeding and place the defendant on probation as provided by law; or (2) Sentence the defendant to a term of confinement as provided by law."

The question of the interrelation between OCGA §§ 17-10-6.1 and 42-8-60 was the focus of this Court's inquiry in *State v. Allmond*, 225 Ga. App. 509. In that case, this Court concluded that the legislature intended that the First Offender Act apply to the defendant, who had pled guilty to six counts of armed robbery and two counts of possession of a firearm during a felony, regardless of the mandatory minimum sentences of OCGA § 17-10-6.1. In so finding, the Court stated: "if the legislative intent had been to deny some aspects of first offender treatment to perpetrators of certain crimes, this could have easily been stated." Id. at 510.

In *State v. Allmond*, Allmond had argued that OCGA § 17-10-6.1 (b) was not applicable until a person was "convicted" of one of the specified crimes, and that because his guilty plea and selection for first offender treatment did not result in "an adjudication of guilt or conviction," the mandatory minimum sentences did not apply. In affirming the trial court, this Court recognized that: "[u]pon fulfillment of the terms of probation or release from confinement, a first offender is discharged without any adjudication of guilt and is not considered to have a criminal conviction. OCGA § 42-8-62." *State v. Allmond*, 225 Ga. App. at 509-510. Accordingly, this Court concluded that OCGA § 17-10-6.1 (b) was not intended to curtail the provisions of the First Offender Act.

We conclude that *State v. Allmond* must be overruled. Our conclusion is based on several factors, most important of which is the legislature's recent pronouncement on this subject. On March 27, 1998, the General Assembly amended OCGA § 17-10-6.1 and added OCGA § 42-8-66 to the First Offender statute, in order to avoid the result reached in *State v. Allmond*. The amendments specifically state that a defendant who is convicted of one of the serious violent felonies contained in OCGA § 17-10-6.1 will not be eligible for First Offender treatment under OCGA § 42-8-60.

In enacting these provisions, the legislature declared: "in *State v. Allmond*, 225 Ga. App. 509 (1997), the Georgia Court of Appeals held, notwithstanding the 'Sentence Reform Act of 1994,' that the provisions of the First Offender Act would still be available to the sentencing court, which would mean that a person who committed a

serious violent felony could be sentenced to less than the minimum mandatory ten-year sentence. . . .

"[C]ontrary to the decision in *State v. Allmond,* it is the expressed intent of the General Assembly that persons who commit a serious violent felony specified in the 'Sentence Reform Act of 1994' shall be sentenced to a mandatory term of imprisonment of not less than ten years and shall not be eligible for first offender treatment." Ga. L. 1998, p. 180, § 1, effective March 27, 1998.

Accordingly, the amended OCGA § 17-10-6.1 (b) provides: "[n]o person convicted of a serious violent felony as defined in subsection (a) of this Code section shall be sentenced as a first offender pursuant to Article 3 of Chapter 8 of Title 42, relating to probation for first offenders, or any other provision of Georgia law relating to the sentencing of first offenders." The newly enacted OCGA § 42-8-66 of the First Offender Act provides: "[t]he provisions of this article shall not apply to any person who is convicted of a serious violent felony as defined in subsection (a) of Code Section 17-10-6.1."

Although the legislature failed to adjust its terminology in the new OCGA § 17-10-6.1 (b) and abandon the use of the word "convicted" since a defendant is *not* "convicted" under the First Offender Act, its intent in amending the statutes is clear. "If it can be gathered from a subsequent statute in pari materia what meaning the legislature attached to the words of a former statute, this will amount to a legislative declaration of its meaning, and will govern the construction of the first statute." (Citations and punctuation omitted.) *First Union Nat. Bank &c. v. Collins,* 221 Ga. App. 442, 445 (471 SE2d 892) (1996). "[S]ubsequent legislation declaring the intent of a legislative body in enacting an earlier statute is entitled to great weight in statutory construction." (Citations and punctuation omitted.) *Hicks v. State,* 228 Ga. App. 235, 237 (1) (494 SE2d 342) (1997).

Our conclusion that the First Offender Act does not apply to the sentences for serious violent felonies outlined in OCGA § 17-10-6.1 (a) is also supported by *Campbell v. State,* 268 Ga. 44, 46 (485 SE2d 185) (1997). In that case, our Supreme Court stated that: "[t]he mandatory sentence legislation of the Sentence Reform Act was introduced to make truth in sentencing a reality, by ensuring that upon the conviction for a serious violent felony, the offender will serve the full sentence ordered by the court. Ga. L. 1994, p. 1959. [Cit.] The Act became effective on January 1, 1995, after ratification by the voters of Georgia at the 1994 November general election of an amendment to Art. IV, Sec. II, Par. II of the Georgia Constitution. This amendment authorized the General Assembly to provide for mandatory minimum sentences and to impose restrictions on the authority of the State Board of Pardons and Paroles to grant paroles. Ga. L. 1994, p. 1959, § 18." Id. at 46 (4). Moreover, the 1994 amend-

ment to Art. IV, Sec. II, Par. II states in subsection (b) (2): "[t]he General Assembly may by general law approved by two-thirds of the members elected to each branch of the General Assembly in a roll-call vote provide for minimum mandatory sentences and for sentences which are required to be served in their entirety for persons convicted of armed robbery, . . . and, when so provided by such Act, the board shall not have the authority to consider such persons for pardon, parole, or commutation during that portion of the sentence." Subsection (d) of the amendment expressly ratified and approved previously enacted statutes dealing with mandatory minimum sentences. See 1995 Op. Atty. Gen. No. 95-4 (discussing the constitutional limitations on the power of the Board of Pardons & Paroles with respect to the inability to parole during the mandatory minimum sentence for the serious violent felonies set forth in OCGA § 17-10-6.1).

Based on the above, we conclude that the trial court here properly disregarded Fleming's First Offender Petition and sentenced him correctly.

*Judgment affirmed. McMurray, P. J., Johnson, P. J., Smith, Ruffin, JJ., and Senior Appellate Judge Harold R. Banke concur. Eldridge, J., concurs specially. Andrews, C. J., Beasley and Blackburn, JJ., dissent.*

ELDRIDGE, Judge, concurring specially.

I concur in the majority's judgment.

1. "[I]n *State v. Allmond*, 225 Ga. App. 509 [(484 SE2d 306)] (1997), the Georgia Court of Appeals held, notwithstanding the 'Sentence Reform Act of 1994' that the provisions of the First Offender Act would still be available to the sentencing court, which would mean that a person who committed a serious violent felony could be sentenced to less than the minimum mandatory ten-year sentence. . . .

"[C]ontrary to the decision in *State v. Allmond*, it is the expressed intent of the General Assembly that persons who commit a serious violent felony specified in the 'Sentence Reform Act of 1994' shall be sentenced to a mandatory term of imprisonment of not less than ten years and shall not be eligible for first offender treatment." Ga. L. 1998, p. 180, § 1, effective March 27, 1998.

This year, the legislature amended *both* OCGA § 17-10-6.1, the Sentence Reform Act, and OCGA § 42-8-60 et seq., the First Offender Act, to specifically state that a defendant who is convicted of one of the serious violent felonies contained in OCGA § 17-10-6.1 will *not* be eligible for First Offender treatment under OCGA § 42-8-60.

Unfortunately, in the amendment, the legislature continued to use the phrase "any person *convicted* of a serious violent felony" in

reference to those affected by the Act. (Emphasis supplied.) Ga. L. 1998, p. 181, § 2, amending OCGA § 17-10-6.1 (b). By continuing to utilize the term "convicted," the legislature did not quite understand the semantic consternation that word has provided in some appellate quarters, i.e., when sentenced under the First Offender Act, a defendant is not "convicted" so as to make applicable the mandatory minimum sentence requirements of the Sentence Reform Act. However, in my view, the legislature's clear, clear expression of its intent this go-round should now permit us to by-pass discussion of such finer legal points and do our duty as interpreters of the legislative will. "The cardinal rule of statutory construction is to ascertain the legislative intent and purpose in enacting the law and to construe the statute to effectuate that intent." *Ferguson v. Ferguson*, 267 Ga. 886, 887 (1) (485 SE2d 475) (1997).

(a) As we recently noted, "[i]f it can be gathered from a subsequent statute in pari materia what meaning the legislature attached to the words of a former statute, this will amount to a legislative declaration of its meaning, and will govern the construction of the first statute." (Citations and punctuation omitted.) *First Union Nat. Bank &c. v. Collins*, 221 Ga. App. 442, 445 (471 SE2d 892) (1996). See also *Hicks v. State*, 228 Ga. App. 235, 237 (494 SE2d 342) (1997). "It is equally axiomatic that subsequent legislation declaring the intent of a legislative body in enacting an earlier statute is entitled to great weight in statutory construction." (Citations and punctuation omitted.) Id. at 237.

Clearly, then, in OCGA § 17-10-6.1, the legislature meant to give the word "convicted" its ordinary, plain meaning. When reviewing a criminal conviction, the members of this Court have, without exception, utilized the word "convicted" to mean "returned a verdict," as in "the jury convicted" the defendant of the crime(s).[1] To convict is "to find a man guilty of a criminal charge, either upon a criminal trial, a plea of guilty or a plea of nolo contendere." Black's Law Dictionary, 5th ed. In its plain meaning, "convicted" is simply the past tense thereof.

Here, after the jury found Fleming guilty of armed robbery, he stood *"convicted* of a serious violent felony as defined in paragraphs (2) through (7) of subsection (a) of [OCGA § 17-10-6.1]" for purposes of the sentencing considerations toward which that statute is

---

[1] See, e.g., *Scott v. State*, 230 Ga. App. 522 (496 SE2d 494) (1998); *Watson v. State*, 230 Ga. App. 79 (495 SE2d 305) (1998); *Belt v. State*, 227 Ga. App. 425 (489 SE2d 157) (1997); *Hope v. State*, 226 Ga. App. 392 (486 SE2d 658) (1997); *Carter v. State*, 226 Ga. App. 198 (486 SE2d 79) (1997); *Daniel v. State*, 224 Ga. App. 673 (482 SE2d 409) (1997); *Jessup v. State*, 224 Ga. App. 176 (480 SE2d 232) (1996); *Strong v. State*, 223 Ga. App. 434 (477 SE2d 866) (1996) (Beasley, C. J., dissenting); *Carter v. State*, 222 Ga. App. 397 (474 SE2d 228) (1996); *Raines v. State*, 219 Ga. App. 893 (467 SE2d 217) (1996).

directed. (Emphasis supplied.) OCGA § 17-10-6.1 (b). Thus, the mandatory minimum ten-year sentence of imprisonment required under OCGA § 17-10-6.1 was properly imposed by the trial court.

(b) As has been recognized by the Supreme Court of Georgia, regardless of its active date, applying an amendment such as the one in the instant case, which simply *affirms* the legislative intent that existed prior to the amendment, is not a retroactive application of the law; it is simply an expression of what the law was all along. See *Porquez v. Washington*, 268 Ga. 649, 652 (492 SE2d 665) (1997). This Court's misinterpretation of OCGA §§ 17-10-6.1 and 42-8-60 so as to permit the First Offender Act to impact on the mandatory minimum sentencing requirements of the Sentence Reform Act did not "create" a new law which superseded the original legislative purpose in enacting those statutes. Thus, recognizing what the law was from the inception and applying it to the instant case is not prohibited as a retroactive application. *Porquez v. Washington*, supra.

In that regard, the legislature has let this Court know that in *State v. Allmond*, we incorrectly interpreted its will in enacting OCGA § 17-10-6.1, the Sentence Reform Act, in relation to OCGA § 42-8-60 et seq., the First Offender Act. The legislature never intended for those found guilty of serious violent felonies, i.e., "convicted" thereof, to be eligible for First Offender treatment. The legislature made this point by explaining that our decision in *State v. Allmond* was "contrary" to its original "expressed intent" (past tense) in enacting the Sentence Reform Act of 1994. Ga. L. 1998, p. 181. Thus, *State v. Allmond* notwithstanding, the trial court correctly determined that OCGA § 17-10-6.1 precluded consideration of the First Offender Act.

Therefore, Fleming's conviction and sentence should be affirmed under the law.

2. I do not believe this Court should ignore the legislative mandate of Ga. L. 1998, p. 180, § 1. However, should we decide to do so because Fleming's conviction date precedes the active date of the amendment, it must be recognized that *State v. Allmond* would still require limitation.

(a) If we are to ignore the legislative intent as expressed, then it must be recognized that under the plain wording of the pre-amendment statutes at issue, there was *never* anything inconsistent about the trial court's ability to utilize discretion and impose the First Offender Act, OCGA § 42-8-60, as long as the term imposed was "as provided by law," i.e., pursuant to OCGA § 17-10-6.1. See OCGA § 42-8-60 (a) (2).

In this case (as was the case in *State v. Allmond*), while the trial court would have no discretion as to the mandatory minimum "term of confinement" that must be imposed pursuant to OCGA § 17-10-6.1,

the trial court would be free to consider, at its discretion, the imposition of the First Offender Act, along *with* such mandatory term of confinement. *State v. Allmond* must be limited to the extent that a probated term was permitted, when the mandatory minimum term of confinement "as provided by law" is ten years. OCGA § 17-10-6.1 (a) (2). Otherwise, consistent with *State v. Allmond*, OCGA § 17-10-6.1 on its face would not "curtail the provisions of the First Offender Act." Id. at 510.

Thus, assuming that the General Assembly's desires are set aside in this matter, under the pre-amendment statutes when read together, Presiding Judge Pope's position would be correct that the trial court lacked authority to impose a term of confinement less than the mandatory minimum required by OCGA § 17-10-6.1, and Presiding Judge McMurray's position would be correct that this case should be remanded because the trial court believed that it could not consider imposition of the First Offender Act, after such was requested by Fleming. Of course, the trial court has the discretion to deny First Offender treatment to Fleming; however, in this case the trial court denied such treatment under an error of law.

It appears to me that in the semantic discussion of the meaning of the word "convicted," lost were the statutory maxims: "[I]n construing any section of the Code, we must treat it as a single statute forming one homogeneous and consistent body of laws, and each Code section is to be considered in explaining and elucidating every other part of the common system to which it belongs." (Citations and punctuation omitted.) *Huntsinger v. State*, 200 Ga. 127, 130-131 (1) (36 SE2d 92) (1945); *Ga. Mut. Ins. Co. v. Gardner*, 205 Ga. App. 458, 460 (422 SE2d 324) (1992). "Statutes should be read according to the natural and most obvious import of the language, without resorting to subtle and forced constructions, for the purpose of either limiting or extending their operation." *Integon Indem. Corp. v. Canal Ins. Co.*, 256 Ga. 692, 693 (353 SE2d 186) (1987). In the absence of words of limitation, words in a statute should be given "their ordinary and everyday meaning." *Mgmt. &c. Group/Southeast v. United &c. Employee Programs*, 194 Ga. App. 99, 101 (2), 102 (389 SE2d 525) (1989).

In my view, OCGA §§ 17-10-6.1 and 42-8-60 should have been read together in *State v. Allmond* so as to give effect to both. And if the inability to reconcile the two statutes turned on a forced interpretation of the word "convicted" which is alternately capable of a simple, plain, ordinary meaning which would have permitted both Acts to have continued viability, then our decision to opt for the constrained reading needs reevaluation herein.

While a verdict is not a "conviction" pursuant to OCGA § 16-1-3 (4), the return of a guilty verdict means the jury has "convicted" the

defendant under the common meaning of the term as used by this Court (see n. 1, supra), the legal community, and the legislature *so as to permit the trial court to move on to the sentencing considerations which are the subject of both OCGA § 17-10-6.1 and § 42-8-60.*[2]

In fact, our law provides that upon a verdict or plea of guilty, i.e., once a defendant is "convicted," "the judge fixing the sentence shall prescribe a determinate sentence for a specific number of months or years." OCGA § 17-10-1 (a) (1). Those familiar with the realities of trial work realize that sentence is often pronounced following the return of the verdict, i.e., after the jury has "convicted" the defendant. Under the law, then, sentencing options are considered and sentence imposed prior to a formal "entry of judgment," i.e., the "conviction" pursuant to OCGA § 16-1-3 (4). The Sentence Reform Act contains *sentencing provisions*; these are applicable after a defendant is "convicted" and prior to the *entry* of the "conviction." This entry of judgment is the "conviction" that is withheld under the First Offender Act.

Accordingly, under the pre-amendment statutes, the mandatory sentence contained in OCGA § 17-10-6.1 should be imposed after a defendant is "convicted" of one of the specified crimes, but could be imposed under the First Offender Act, OCGA § 42-8-60. In which case the entry of judgment thereon, i.e., the "conviction," would be withheld. There never was a conflict between the two statutes. And it is possible that recognizing such would have permitted the co-existence of the mandatory minimum sentence required under the Sentence Reform Act *and* the ability of a first time offender to escape the permanent consequences thereof after serving the mandatory sentence, by imposition of such sentence under the First Offender Act: a win-win situation now rendered impossible.

I believe that Fleming's conviction and sentence should be affirmed and thus concur with Presiding Judge Pope's judgment. Ignoring the legislature only does a disservice to the legal community and is not in our job description. Obviously, the legislature never intended to permit the imposition of the First Offender Act in cases such as this one, and the trial court properly imposed the minimum mandatory sentence demanded by OCGA § 17-10-6.1.

(b) If, however, the legislature is to be ignored by this Court, remand for *consideration* of the First Offender Act is all that is necessary. Construing together pre-amendment OCGA §§ 17-10-6.1 and

---

[2] Such sentencing considerations also include the merger of offenses for which the jury "convicted" the defendant so as to preclude the entry of a judgment of conviction for offenses as prohibited by OCGA § 16-1-7. " 'It is the *conviction* of more than one crime established by the same conduct that § 16-1-7 (a) forbids.' [Cit.]" (Emphasis in original.) *Sanders v. State*, 212 Ga. App. 832, 833 (2) (442 SE2d 923) (1994).

42-8-60 so as to harmonize both, it appears clear that "under the law" a mandatory minimum sentence of ten years is still required for those "convicted" by a jury of an offense as specified in OCGA § 17-10-6.1, even when such defendant is given the opportunity for First Offender treatment under OCGA § 42-8-60 and "conviction" is withheld.

BEASLEY, Judge, dissenting.

I concur in Divisions 1 and 2 of the majority opinion but respectfully dissent from Division 3. The law in force when Fleming was tried and sentenced permitted the trial court to consider First Offender application.

Penal statutes must be construed strictly against the government. *Bankston v. State*, 258 Ga. 188, 190 (367 SE2d 36) (1988). Where there is any ambiguity, it is interpreted in favor of the defendant. Id. See *Chapman v. State*, 266 Ga. 356, 362, n. 17 (467 SE2d 497) (1996). This is a principle founded upon due process and the concept that a citizen has a right to know precisely what behavior is forbidden and what punishment can result. Underlining this is the legislature's direct expression that the general probation article "shall be liberally construed so that its purposes may be achieved." OCGA § 42-8-44. The first offender article, which is part of the same Code chapter covering probation, provides for probation for a certain category of offenders and should be construed likewise. See, e.g., *Helton v. State*, 166 Ga. App. 565 (305 SE2d 27) (1983).

In March 1997 when Fleming was sentenced, OCGA § 17-10-6.1 (b) was in effect in its unamended 1994 form. Before the court imposed sentence, Fleming petitioned the court to consider treating him as a first offender as provided in OCGA §§ 42-8-60 through 42-8-65, by "withholding" conviction and giving him an opportunity to successfully complete a sentence so he could escape a conviction for the crimes, which he admitted. OCGA § 42-8-62 (a) allows a trial court to choose to impose punishment on a first offender who, if the punishment is successfully completed, is discharged with the consequence that there is no "court adjudication of guilt" and the offender "shall not be considered to have a criminal conviction."

The court did not consider this possibility for Fleming but instead applied OCGA § 17-10-6.1 because the court believed that it had "no authority or discretion" and was compelled to enter a judgment of guilt and impose a sentence of ten years as a mandatory minimum term of imprisonment for the armed robbery in accordance with OCGA § 16-8-41 (b). Ten years is the minimum under both OCGA § 16-8-41 (b), the armed robbery statute, and OCGA § 17-10-6.1 (b), the serious violent offender statute known as the Sentence Reform Act of 1994. The judge perceived that the first offender option

was foreclosed by these two statutes.

But that was not correct. At the time Fleming was sentenced, the mandatory aspect of OCGA § 17-10-6.1 (b) applied only to persons who were "convicted," as the statute expressly stated. The same legislature which required the mandatory minimum sentence of incarceration for persons "convicted" of certain serious violent felonies set up a method for punishment and supervision, short of conviction, for first offenders. OCGA §§ 42-8-60 to 42-8-65. As the law stood, in such instances the legislature preserved the authority of the judiciary in fulfilling the sentencing function.[3] The option was available for appropriate cases in the sentencing judge's discretion, which is exercised "[u]pon a verdict or plea of guilty or a plea of nolo contendere, but before an adjudication of guilt." OCGA § 42-8-60 (a).

This construction of the law then in effect is inevitable when the plain meaning of the words is honored. A jury verdict is not a conviction; the court's entry of judgment is based on the verdict, contains the sentence, and constitutes the "conviction." *Sartin v. State*, 223 Ga. App. 759, 761 (4) (479 SE2d 354) (1996). The jury did not "convict" Fleming. Instead, it found him guilty of committing certain crimes, as memorialized by its written verdicts. After it returned its verdicts in open court, the jury's function was accomplished. As the court advised the jurors, "[s]entencing addresses itself to me rather than to members of the jury under Georgia law." That being so, the case must be remanded to the trial court so it can exercise the discretion preserved to it by OCGA § 42-8-60.

Since Fleming's sentencing and since this Court's decision in *State v. Allmond*, 225 Ga. App. 509 (484 SE2d 306) (1997), both of which occurred in the same month, the legislature has amended OCGA § 17-10-6.1 (b) and added OCGA § 42-8-66 to the First Offender Act. These changes went into effect one year later, in March 1998.

In the changes, the legislature has made plain that it did not mean what it said when OCGA § 17-10-6.1 was written. It did not intend, it now has stated, that persons who commit a serious violent felony as designated in OCGA § 17-10-6.1 could be subject to first offender treatment if a judge would so decide. It has changed the meaning of the term "convicted" in OCGA § 17-10-6.1 and in the First Offender Act so that the statutory mandatory minimum term of ten years' imprisonment must be imposed on any person who is found

---

[3] Although the legislature has the power to fix punishment because it is a matter of public policy, so that limiting the judicial authority is not an unconstitutional encroachment on judicial independence, the narrowing of the opportunities to exercise judicial discretion constitutes a practical constriction of judicial independence.

guilty by a jury[4] or pleads guilty or nolo contendere to a designated serious violent offense. We must give that meaning to the word in this limited instance, despite its ordinary meaning, because the legislature has used "convicted" instead of what is really intended. Ordinarily, a person who is "convicted" has already been sentenced, as that aspect of the criminal prosecution precedes the entry of the judgment of conviction. But, in the amendment (OCGA § 17-10-6.1 (b)) and in the addition (OCGA § 42-8-66), "conviction" now must be construed to mean "found guilty or pleads guilty or nolo contendere."

But that was not true in 1997 when Fleming was sentenced. At that time, in those provisions of the law as well as in others where it is used (e.g., OCGA § 42-8-62), "conviction" had the meaning ascribed to it in *State v. Allmond*, supra. *Allmond* was correct when decided. The law has now changed. But the change did not affect Fleming's case.

*Campbell v. State*, 268 Ga. 44 (485 SE2d 185) (1997), does not require a different result. It addressed the constitutionality of OCGA § 17-10-6.1 (b) and did not discuss at all its relationship to OCGA § 42-8-60 et seq. Appellants did not seek the application of the First Offender Act but instead challenged the constitutionality of the serious violent offender statute under which they were convicted on their guilty pleas.

The change in the meaning of "convicted" cannot be given retroactive effect. "The law as it exists at the time of the offense determines both the penalty that may be imposed and the conduct that is considered to be a crime. [Cits.]" (Footnote omitted.) *Hicks v. State*, 228 Ga. App. 235, 237 (1) (b) (494 SE2d 342) (1997).

Fleming does not argue that *State v. Allmond*, supra, "mandates" first offender treatment. Both in the trial court and here, Fleming recognizes that the judge may choose this diversionary course or not. If the judge does choose it, and if Fleming abides by its terms and is discharged, the statutory consequence is that there will be no "court adjudication of guilt" and he "shall not be considered to have a criminal conviction." OCGA § 42-8-62 (a).

I am authorized to state that Chief Judge Andrews and Judge Blackburn join in this dissent.

DECIDED JULY 16, 1998 — 

*Patricia A. Buttaro*, for appellant.

---

[4] OCGA § 42-8-60 (a) states "upon a verdict," which on its face constitutes a jury finding of guilt; it does not state "upon a finding of guilt," which would also include a judge's finding of guilt.

*William T. McBroom III, District Attorney, Randall K. Coggin, Assistant District Attorney*, for appellee.

A98A0663. THE STATE v. BARNETT.
(504 SE2d 531)