A99A0316. THE STATE v. HAMILTON.
(517 SE2d 583)

SMITH, Judge.

Joseph Hamilton, Jr. entered a negotiated plea of guilty to armed robbery, aggravated assault, and possession of a sawed off shotgun. The trial court sentenced him to ten years for armed robbery, eleven years for aggravated assault, and five years on the firearm charge, all to be served concurrently. Under the provisions of the First Offender Act, OCGA § 42-8-60 (a), the trial court allowed Hamilton to serve the remainder of his sentence on probation after serving ten years, the mandatory minimum sentence for armed robbery. The State brings this appeal under the authority of *State v. Johnson*, 183 Ga. App. 236 (358 SE2d 840) (1987), alleging that under this court's holding in *Fleming v. State*, 233 Ga. App. 483 (504 SE2d 542) (1998), the sentence was illegal and therefore completely void.[1] See *State v. Stuckey*, 145 Ga. App. 434 (243 SE2d 627) (1978). We agree and remand for resentencing.

In *Fleming*, the appellant contended, relying upon *State v. Allmond*, 225 Ga. App. 509 (484 SE2d 306) (1997), that the trial court had erred in refusing to sentence him under the First Offender Act

---

[1] OCGA § 17-10-6.1 (b) also provides that the "State of Georgia shall have the right to appeal any sentence which is imposed by the superior court which does not conform to the provisions of this subsection in the same manner as is provided for other appeals by the state in accordance with Chapter 7 of Title 5, relating to appeals or certiorari by the state."

and allow him to serve less than the mandatory minimum number of years prescribed for the crime in OCGA § 17-10-6.1 (b). We held that the trial court properly refused to do so, because applying the First Offender Act in this manner conflicted with the clear expressed intent of the General Assembly in amending both the First Offender Act and the Sentence Reform Act of 1994. We overruled *Allmond*, holding that the General Assembly had made clear its desire that the First Offender Act not be applied to anyone found guilty of a "serious violent felony," as defined in OCGA § 17-10-6.1, the Sentence Reform Act of 1994.

Armed robbery is such a "serious violent felony." OCGA § 17-10-6.1 (a) (2). And in this case, the trial court, no doubt cognizant of the legislature's actions, imposed a sentence that provides for the mandatory minimum to be served. In fact, the trial court has presented us with the exact situation discussed by Judge Eldridge in his special concurrence in *Fleming*: a sentence that harmonizes the Sentence Reform Act and the First Offender Act. The sentence imposed recognizes

> the co-existence of the mandatory minimum sentence required under the Sentence Reform Act *and* the ability of a first time offender to escape the permanent consequences thereof after serving the mandatory sentence, by imposition of such sentence under the First Offender Act: a win-win situation.

*Fleming*, supra at 492, Eldridge, J., concurring specially.

But the legislature has stated explicitly in amending OCGA § 17-10-6.1 that

> [n]o person convicted of a serious violent felony as defined in subsection (a) of this Code section shall be sentenced as a first offender pursuant to Article 3 of Chapter 8 of Title 42, relating to probation for first offenders, *or any other provision of Georgia law relating to the sentencing of first offenders.*

(Emphasis supplied.) OCGA § 17-10-6.1 (b). Regardless of the wisdom of harmonizing the two statutes, therefore, having ascertained the intent of the legislature, we must apply its will. See *Burleson v. State*, 233 Ga. App. 769 (505 SE2d 515) (1998). This case must be remanded for resentencing in a manner consistent with this opinion.

*Case remanded for resentencing. Pope, P. J., and Eldridge, J., concur.*

DECIDED MAY 11, 1999.

*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assistant District Attorney*, for appellant.
*Douglas G. Andrews*, for appellee.