### S99A0790. BROWN v. THE STATE.
(522 SE2d 230)

THOMPSON, Justice.

Terrance Olander Brown appeals from the denial of his motion to set aside a guilty plea.[1] Finding no error, we affirm.

Brown and others were charged in a multi-count indictment with offenses stemming from a sale of marijuana during which one person was shot to death, another was wounded, and money was taken from the victims at gunpoint. Brown's attorney entered into plea negotiations with the prosecution. After learning that all co-defendants had pled guilty, waived their rights to appeal, and agreed to testify against him, Brown reached a negotiated plea agreement with the State, which was reduced to writing. That document and the court's form agreement pursuant to Uniform Superior Court Rule 33.8 were signed by both Brown and his counsel and were made part of the plea record. Thereafter, Brown pled guilty to malice murder, aggravated assault (two counts), felony murder, and armed robbery. He was sentenced to two consecutive life sentences for malice murder and armed robbery of the murder victim, plus a concurrent sentence of twenty years for aggravated assault on the second victim.

After sentence was pronounced, but in the same term of court, Brown sent a letter to the judge suggesting that he wanted to withdraw his plea because "he received more time than the actual shooters and killer." The court treated this as a motion to withdraw the plea, appointed counsel, and entertained the request despite language in the State's Agreement that defendant waived the right to withdraw the plea and waived all other post-conviction relief. The court denied the motion, concluding that Brown knowingly, intelligently, and voluntarily entered his plea of guilty; that he understood the nature of the charges against him and the possible punishments

---

[1] The crimes occurred on July 15, 1997. A true bill of indictment was returned on July 8, 1998, charging Brown and others with malice murder, felony murder with the underlying felony of aggravated assault, felony murder with the underlying felony of attempted sale of marijuana, armed robbery, aggravated assault, and possession of a firearm during the commission of a felony (two counts). Brown entered a guilty plea and was sentenced on November 3, 1998. His motion to withdraw the guilty plea was filed on December 18, 1998. A hearing on the motion was conducted on January 12, 1999, at the conclusion of which the court denied the motion. A written order to that effect was entered on January 29, 1999. A notice of appeal was filed on January 26, 1999. The case was docketed in this Court on March 3, 1999, and oral argument was held on May 11, 1999.

for each charge; that there was an adequate factual basis for the plea; and that withdrawal of the guilty plea is not necessary to correct a manifest injustice.

1. Brown asserts that the plea agreement was not knowingly and intelligently made because it did not provide a correct statement of the crimes charged or the maximum possible punishments.

The trial court acknowledged inconsistencies in the two written plea agreements but stated that it was "fully satisfied based upon the totality of the circumstances . . . that the defendant fully understood the maximum and minimum sentences for all the counts charged . . . despite any scrivener's error to the contrary." Our review of the record of the plea hearing confirms this finding. In response to the court's inquiry, Brown acknowledged that he understood the charges against him, that he discussed the plea agreement with his attorney and was aware of the rights he was waiving. This was confirmed by Brown's counsel. Thus, any ambiguities in the two plea agreements were clarified at the hearing. We conclude that the notification requirements of USCR 33.8 (C) (2) were satisfied.

2. Contrary to Brown's assertions, the record at the plea hearing adequately establishes the existence of a factual basis for the plea. In this regard, the court heard from the prosecutor, defense counsel, and the defendant. Accordingly, there was full compliance with the mandatory requirements of USCR 33.9. See *State v. Evans*, 265 Ga. 332 (1) (454 SE2d 468) (1995).

3. Brown further asserts that the State's Agreement was unenforceable and contrary to public policy because it deprived him of the right to challenge the validity of his guilty plea. The State agrees that a plea can always be challenged on grounds of voluntariness. See *Allen v. Thomas*, 265 Ga. 518 (458 SE2d 107) (1995) (right to challenge the knowing and voluntary nature of a guilty plea is not defeated by waiver of right to appeal). In the present case, the trial court considered Brown's challenge to his plea on all grounds asserted. Thus, he has not shown that he was harmed by any language in the State's Agreement.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 18, 1999.

*Patricia F. Angeli*, for appellant.
*Robert E. Keller, District Attorney, D. Brandon Hornsby, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Adam M. Hames, Assistant Attorney General,* for appellee.