## A01A1502. LEIMBACH v. THE STATE.
### (554 SE2d 771)

POPE, Presiding Judge.

David Walter Leimbach appeals following the denial of his motion for discharge and acquittal on the ground that he was not tried within the requisite time following the filing of his demand for a speedy trial under OCGA § 17-7-170 (b).

Leimbach was indicted on April 7, 2000, on charges of mutiny in a penal institution, aiding and abetting mutiny, and riot in a penal institution. He was arraigned on June 13, 2000, during the next term of court. During that same term, on June 28, 2000, Leimbach filed his statutory demand for speedy trial.[1] Leimbach's case was not called for trial during the next two succeeding terms of court. And on November 17, 2000, Leimbach filed his motion for discharge.

The trial judge held an immediate hearing on the motion. The state argued that it was never served with the speedy trial demand. The certificate of service on the demand indicated that it had been

---

[31] (Footnote omitted.) *Kelly v. State,* 242 Ga. App. 30, 34 (5) (528 SE2d 812) (2000).

[32] *Cartaya v. State,* 176 Ga. App. 404, 405 (336 SE2d 324) (1985).

[1] See OCGA §§ 15-6-3 (11) and 15-6-19 setting the terms of court for Cobb County.

served by mail. Leimbach's counsel testified that it is his practice to personally file criminal pleadings and then give a copy to his paralegal for mailing. He had no specific recollection, however, of the demand in this case. The paralegal testified that it was her practice under such circumstances to serve the file-stamped copies by mail to the district attorney's office, although she did not specifically recall mailing the demand in Leimbach's case.

A secretary for the district attorney's office testified that it is the practice of that office to date-stamp every envelope that comes in and then to put the envelope into the appropriate attorney's mailbox. The district attorney assigned to Leimbach's case testified that although it is his practice to check his mailbox regularly, he never received a copy of the speedy trial demand in the case. He stated that if he had received such notice, he would have moved the case up on his priority list to ensure that it was tried within the statutory time limits.

The trial court denied Leimbach's motion on the grounds that Leimbach had failed to prove that jurors were available at the time he filed his demand or that he had achieved proper service upon the state as required by the statute. OCGA § 17-7-170. In reviewing this ruling, we must accept these findings unless they are clearly erroneous. *Johnson v. State*, 203 Ga. App. 896, 897 (3) (418 SE2d 155) (1992).

This court has held that in order to obtain the dismissal of a criminal case for failure to comply with a speedy trial demand, a defendant must strictly comply with the filing and service requirements of OCGA § 17-7-170:

> The dismissal of a criminal case pursuant to OCGA § 17-7-170 is an extreme sanction which can be invoked only if there has been a strict compliance with the statute. . . . And, because of the severity of this sanction, the one who calls for it must file with the court a clear demand to be tried within the next succeeding term of court, and must alert the prosecutor by service of a copy of the demand, as the statute requires.

(Citations omitted.) *Carter v. State*, 226 Ga. App. 198-199 (486 SE2d 79) (1997). See also *Maddox v. State*, 218 Ga. App. 320, 321-322 (1) (461 SE2d 286) (1995); *Johnson v. State*, 203 Ga. App. at 897.

And although the certificate of service on Leimbach's demand indicated that the state was served by mail, Leimbach's counsel's paralegal had no specific recollection of mailing that demand. Further, the district attorney's office had no record of receiving the demand, and the prosecutor assigned to the case testified that he did not receive it. This evidence was sufficient to rebut the prima facie

evidence of the certificate of service. *Hanson v. State*, 196 Ga. App. 589-590 (1) (396 SE2d 510) (1990). Accordingly, the trial court did not err in denying Leimbach's motion.

*Judgment affirmed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 18, 2001.

*Justin J. Wyatt*, for appellant.

*Patrick H. Head, District Attorney, Rose L. Wing, Dana J. Norman, Assistant District Attorneys*, for appellee.