A04A0751. BONNER v. THE STATE.
(601 SE2d 478)

BARNES, Judge.

Bobby E. Bonner appeals the sentence imposed pursuant to his guilty plea to the misdemeanor offense of driving under the influence of alcohol. He contends the trial court erred by "sentencing [him] a second time for the same offense for which he had already been sentenced, which sentence he had duly completed, in violation of the prohibition against double jeopardy."

The record shows that Bonner was cited for driving under the influence and summoned to appear in the local probate court. Then, upon his request for trial by jury, his case was transferred to the superior court. On July 23, 2001, he pled guilty to misdemeanor DUI and received a sentence of twelve months to serve five days in confinement with the remainder on probation, to perform fifty hours of community service, to pay a $300 fine, and to pay certain statutorily required fees. A new term for the superior court began on the first Monday of August. OCGA § 15-6-3 (28) (E).

On August 22, 2001, Bonner filed a pro se motion to withdraw his guilty plea. Following a hearing on February 7, 2002, the trial court denied his motion. Bonner next filed a pro se appeal to this court challenging the denial of his motion to withdraw his guilty plea.

Bonner was appointed counsel, and on April 28, 2003, his defense counsel filed a motion for a new trial. Then, pursuant to an agreement between Bonner and the prosecution, Bonner withdrew his appeal, and the trial court on June 13, 2003, granted Bonner's motion for a new trial, allowing Bonner to withdraw his guilty plea nunc pro tunc to February 7, 2002.

Upon his second guilty plea, on June 18, 2003, Bonner was sentenced to 12 months confinement, but upon service of 60 days in the county jail the remainder of his sentence would be served on probation, but his sentence to confinement would be suspended upon his entry into a detention center. He was also ordered to complete 40 hours of community service, to complete a DUI risk reduction program, and to pay certain statutorily mandated fees. The trial court further provided that Bonner would receive credit for amounts already paid on fines.

On July 16, 2003, Bonner filed a pro se extraordinary motion for a new trial contending that his appointed defense counsel was ineffective, the trial court abused its powers by imposing an excessive sentence because Bonner had exercised his right to appeal his earlier guilty plea, and he had been subjected to cruel and unusual punishment because the sheriff refused him proper medication and refused

to return him to the hospital. Bonner also contended that the assistant district attorney had misinformed him for two years that no tape of his arrest for DUI existed, and then produced such a tape when his case was again scheduled for trial.

The trial court treated this motion as a motion to withdraw his guilty plea because the motion was filed within 30 days of the entry of judgment, and thus could not qualify as an "extraordinary motion for a new trial, and because a motion for new trial is not a proper vehicle to challenge a guilty plea." Subsequently, the trial court denied Bonner's motion to withdraw his guilty plea, and this appeal followed.

1. Pretermitting the issue raised in Bonner's enumeration of error, we find that the second conviction and sentence imposed by the superior court are nullities and must be vacated. Because Bonner's first motion to withdraw his guilty plea was not filed within the same term of court as his plea was entered, the court had no jurisdiction to grant Bonner's motion to withdraw his guilty plea and grant him a new trial. "[T]he general rule is that after expiration of the term at which the judgment was entered a court cannot set aside or alter its final judgment unless the proceeding for that purpose was begun during the term. [Cits.]" *Moore v. State*, 116 Ga. App. 774 (158 SE2d 926) (1967). Of course, in this case Bonner did not attempt to withdraw his guilty plea within the same term of court.

In *Griffin v. State*, 12 Ga. App. 615, 618 (1) (77 SE 1080) (1913), this court held that a defendant has a right to file and have determined a motion to withdraw a guilty plea during the term during which the conviction is rendered. We reached this conclusion because judgments of criminal conviction are in the breast of the court at the term during which they are rendered and are, therefore, subject to being vacated for good cause shown. See *Conlogue v. State*, 243 Ga. 141, 143-144 (6) (253 SE2d 168) (1979), overruled on other grounds. Therefore, a trial court has no discretion to modify or vacate its judgment after the term and the only remedy after the term has ended is by habeas corpus. *State v. Kight*, 175 Ga. App. 65, 66 (1) (332 SE2d 363) (1985).

Further,

the authority for withdrawal in the same term of a plea of guilty after judgment is judicial in origin, and generally refers to an attack on a plea for defects dehors the record, as where the plea was rendered through mistake or undue influence. The statutory authority for modification of a criminal judgment is OCGA § 17-9-60 et seq., which authorizes a motion in arrest of judgment. A motion in arrest of judgment, like a motion for withdrawal of plea, must be made at the

same term the judgment was obtained (OCGA § 17-9-61 (b)), and addresses only a nonamendable defect on the face of the record. OCGA § 17-9-61 (a).

(Emphasis omitted.) *State v. Kight*, supra, 175 Ga. App. at 66-67 (1).

Consequently, as the term of court expired in which Bonner was sentenced pursuant to a guilty plea, the trial court lacked jurisdiction to allow him to withdraw the plea. Also, his motion cannot be characterized as an extraordinary motion for new trial because "[o]ne who has entered a plea of guilty cannot move for a new trial, as there was no trial." (Citation and punctuation omitted.) *Davis v. State*, 274 Ga. 865-866 (561 SE2d 119) (2002). Since the trial court had no jurisdiction to grant Bonner's motion to withdraw his guilty plea in the first instance, the trial court's actions after that action are void. Furthermore, the trial court was not authorized to treat Bonner's May 2, 2003, motion for a new trial as a petition for habeas corpus because more than 180 days had passed from the date on which Bonner's conviction became final. OCGA § 40-13-33 (a); *Earp v. Brown*, 260 Ga. 215 (391 SE2d 396) (1990).

Accordingly, Bonner's conviction and sentence imposed on June 18, 2003, must be vacated and his earlier conviction reinstated. Therefore, the trial court is directed to vacate its earlier grant of Bonner's motion to withdraw his guilty plea and reinstate his initial conviction and sentence.

2. Regarding Bonner's allegation that the assistant district attorney misinformed him about the existence of the videotape of his arrest for DUI, we find that Bonner has waived the videotape argument for purposes of appeal. First, he has not enumerated the withholding of the videotape as error. Second, Bonner's counsel stated below that the missing videotape was merely an oversight and "no one's fault." And, third, Bonner's counsel also indicated that the videotape was inculpatory, stating that: "After [Bonner] saw the videotape he acquiesced to the plea in this case." Accordingly, this allegation provides no basis for appellate relief.

*Judgment vacated with direction. Blackburn, P. J., and Mikell, J., concur.*

DECIDED JUNE 28, 2004.

*Robert P. Westin*, for appellant.

*Fredric D. Bright, District Attorney, Gregory L. Bushway, Assistant District Attorney*, for appellee.