## A08A1636. BROWN v. THE STATE.
### (670 SE2d 900)

ADAMS, Judge.

Derrick Maurice Brown appeals from the denial of his motion to withdraw his guilty plea. He primarily contends the trial court failed to hold a proper hearing on the motion. We agree.

Brown was indicted for aggravated sodomy and sexual assault against a person in custody. It was alleged that he forced a 62-year-old resident of an assisted care group home to engage in oral sex. On April 18, 2007, Brown pled not guilty. On January 28, 2008, he elected to plead guilty to sexual assault against a person in custody. The State agreed to nolle prosequi the first count. Brown was sentenced to five years on probation and subjected to two special conditions of probation, the first of which was 150 hours of community service. The second states "said defendant is to be evaluated to see if sex offender probation supervision conditions are warranted, with the exception of his natural children." On February 26, within the same term of court, he moved to withdraw his plea on the grounds that his court appointed attorney was ineffective and his plea was not knowingly and voluntarily made. The same attorney who represented him at his plea hearing filed the motion to withdraw and represented him at the hearing. The only evidence she presented was Brown's testimony and she declined to present a closing argument. The trial court denied the motion on March 5. Separate appellate counsel made an appearance on March 18 and filed a notice of appeal on Brown's behalf.

Brown contends the trial court held an improper hearing on his claim of ineffective assistance of counsel because he was still represented by the same attorney, whereas new counsel should have been

appointed. He adds that the court did not require trial counsel to testify regarding her actions at the plea hearing.

"All criminal defendants, including those who waive their right to trial and enter a guilty plea, are entitled to effective legal assistance." (Citations omitted.) *Rollins v. State*, 277 Ga. 488, 490 (2) (591 SE2d 796) (2004). In order to argue ineffective assistance at a plea hearing, "[a] defendant's proper remedy is to file a motion to withdraw his guilty plea, develop the record regarding his claim of ineffectiveness, and then appeal a denial of that motion." *Coleman v. State*, 278 Ga. 493, 494 (2) (604 SE2d 157) (2004). "[T]he plea withdrawal proceeding is a critical stage of the criminal prosecution and [absent waiver, a defendant is] entitled to counsel to assist him in seeking to withdraw his guilty pleas." *Fortson v. State*, 272 Ga. 457, 459 (1) (532 SE2d 102) (2000). This is so in part because "a hearing on a motion to withdraw a guilty plea involves intricacies of the law and advocacy by the State against the defendant." Id. at 459-460. Thus, a trial court has an obligation to inform the defendant of his right to counsel or to obtain a constitutionally valid waiver of counsel. Id. Finally, although Brown was represented by trial counsel, "an attorney cannot reasonably be expected to assert or argue his or her own ineffectiveness," and thus new counsel is required when that claim is raised. (Punctuation omitted.) *Ryan v. Thomas*, 261 Ga. 661 (409 SE2d 507) (1991). Here, the trial court failed to inform Brown that he was entitled to representation by someone other than trial counsel when pursuing a claim of ineffective assistance of trial counsel during the plea hearing. See also *Kennebrew v. State*, 267 Ga. 400, 402 (480 SE2d 1) (1996) ("trial court erred in addressing the merits of [defendant's] motion for new trial on the issue of ineffective assistance of trial counsel without first appointing new counsel"); *Bates v. State*, 275 Ga. 862, 866 (5) (572 SE2d 550) (2002) (hearing improper and remand required when trial counsel himself raised issue of ineffective assistance and trial court addressed only the arguments raised by trial counsel); *Patel v. State*, 278 Ga. 403, 408 (9) (603 SE2d 237) (2004) (When appellate counsel asserts ineffective assistance of trial counsel at the first practicable moment on appeal, the case must be remanded for a hearing on the issue.).

Although in different settings harmless error analysis might be appropriate, it is not appropriate under the present circumstances where the defendant asserts that his guilty plea was not knowingly and voluntarily entered into. Under those circumstances, the "absence of counsel . . . would be deemed prejudicial, not harmless." *Fortson*, 272 Ga. at 461 (2). We therefore reverse and remand for a rehearing on Brown's motion to withdraw his guilty plea to be conducted in conformity with this opinion. Id.

Brown's two remaining enumerations of error are that the trial court erred by denying his motion to withdraw because it was not voluntary and because he was not sentenced in accordance with his understanding with the State as to the terms of his probation. A review of the transcript of the hearing on the motion to withdraw reveals that trial counsel failed to attempt to develop either point. We cannot conclude that her failure to do so is completely independent of her conflict with regard to the assertion of ineffective assistance of counsel. Given that this case requires remand, we conclude that a new hearing with proper counsel on Brown's motion to withdraw is the appropriate opportunity to address those concerns. Brown may appeal from the trial court's ensuing decision.

*Judgment reversed and case remanded with direction. Smith, P. J., and Mikell, J., concur.*

DECIDED DECEMBER 10, 2008.

*Bernadette C. Crucilla*, for appellant.
*Howard Z. Simms, District Attorney, Sandra G. Matson, Assistant District Attorney*, for appellee.