### S09A1705. McKIERNAN v. THE STATE.
(692 SE2d 340)

HINES, Justice.

Larry Patrick McKiernan appeals from the dismissal of his motion to withdraw his plea of guilty to felony murder while in the commission of aggravated assault. For the reasons that follow, we vacate the trial court's order, and remand.

On September 7, 2005, a Gwinnett County grand jury indicted McKiernan on charges of malice murder, felony murder while in the commission of aggravated assault, aggravated assault, concealing the death of another, and possession of a firearm during the commission of a crime, all in connection with the death of his wife, Patricia McKiernan. He entered a guilty plea to the charge of felony murder while in the commission of aggravated assault on January 31, 2007, and that same day was sentenced to life in prison; an order of nolle prosequi was entered as to the other four charges in the indictment. On February 27, 2007, a letter to the trial judge from McKiernan was filed in the office of the Clerk of the Superior Court of Gwinnett County; in that letter McKiernan asked to withdraw his guilty plea, and requested that the court appoint new counsel for trial. On March 15, 2007, the court issued a rule nisi stating that "[t]he above stated motion is hereby scheduled for a hearing on the 2nd day of April, 2007 . . . ." The rule nisi bore the style of the case, and included: "Re: Motion to Withdraw Plea." The hearing was rescheduled at least twice, and ultimately held on April 27, 2009.[1]

At the hearing, the State orally moved to dismiss McKiernan's motion as untimely, asserting that his letter of February 27, 2007, was not a proper motion, and was not served upon the State, and thus no motion was filed within the same term of court in which McKiernan pled guilty and was sentenced.[2] After discussion, the court stated it would dismiss the motion, and on April 29, 2009,

---

[1] On that same day, counsel for McKiernan filed an "Amended Motion to Withdraw Plea."

[2] McKiernan entered his guilty plea and was sentenced during the December term of 2006; the March term of 2007 started on March 5, 2007. OCGA § 15-6-3 (20).

entered an order doing so.

No statute sets forth the procedures by which a motion to withdraw a guilty plea may be entertained by the trial court after a sentence has been pronounced,[3] but it has long been judicially recognized that the trial court may do so within the same term of court in which the plea was entered and the defendant sentenced. Such "judgments of criminal conviction are in the breast of the court at the term during which they are rendered and are, therefore, subject to being vacated for good cause shown." *Conlogue v. State*, 243 Ga. 141, 143 (6) (253 SE2d 168) (1979), overruled on other grounds, *Smith v. State*, 253 Ga. 169 (316 SE2d 757) (1984). But, the trial court loses jurisdiction if the motion to withdraw the plea is not made within the term in which the plea is entered and the defendant sentenced.

> This is a judicially created rule, which evolved from the established common law tenet that a court cannot set aside or alter a judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during the original term. [Cits.]

*Kaiser v. State*, 285 Ga. App. 63, 65 (1) (646 SE2d 84) (2007). Accord *Barlow v. State*, 279 Ga. 870 (621 SE2d 438) (2005). See also *Smith v. State*, 283 Ga. 376 (659 SE2d 380) (2008); *Rios v. State*, 281 Ga. 181 (637 SE2d 20) (2006).

In its oral motion to dismiss, the State asserted that McKiernan's letter was not a proper motion to withdraw his guilty plea. However, the appellate courts of this State have long recognized that such a letter may serve as such a motion. See *Stinson v. State*, 286 Ga. 499, n. * (689 SE2d 323) (2010); *Brown v. State*, 271 Ga. 550 (522 SE2d 230) (1999); *Moon v. State*, 286 Ga. App. 360 (649 SE2d 355) (2007). And, McKiernan's letter was filed with the court within the same term of court as the entry of his conviction and sentence, and was at that time treated by the court as a motion to withdraw his guilty plea. This is evidenced by the court's rule nisi issued March 15, 2007.

The State also asserts that, even if the letter is considered a proper motion to withdraw McKiernan's guilty plea, it still must be considered untimely because the State was not served with a copy of it within the same term of court as that in which the guilty plea and sentence were entered. It is uncontroverted that McKiernan did not serve the State with a copy of his letter, and that the State received

---

[3] Withdrawal of a guilty plea before judgment is pronounced is governed by OCGA § 17-7-93 (b).

no notice of a pending motion before the rule nisi issued March 15, 2007, which was after the start of a new term of court. Although there are no statutory provisions regarding procedures for motions to withdraw guilty pleas, the State nonetheless looks to the Code for support of its argument that it must be served with the motion *within the same term of court as the plea and sentence*, citing OCGA § 17-10-1 (f), which pertains to orders "correcting, reducing, or modifying . . . sentence[s] . . . ."[4] First, it must be noted that, even if this Code subsection applied, under it the trial court is granted authority over a sentence well beyond the expiration of a single term of court, even up to "one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later . . . ." OCGA § 17-10-1 (f). And, OCGA § 17-10-1 (f) does not specify that the State must receive service of the motion within the same term as the imposed sentence; what it requires is that the State receive "notice and an opportunity for a hearing." It is uncontroverted that the State received rule nisi notice of the hearing which was first set for April 2, 2007, and that the State also had notice of the eventual hearing.

The State also looks to OCGA § 17-7-170, regarding a defendant's demand for a speedy trial, and *Leimbach v. State*, 251 Ga. App. 589 (554 SE2d 771) (2001), decided under that Code section, for the proposition that service had to be perfected before the end of the term. But, that statute and opinion are inapposite. OCGA § 17-7-170 (a),[5] sets forth service requirements for a speedy trial demand, not

---

[4] OCGA § 17-10-1 (f) reads:

Within one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later, the court imposing the sentence has the jurisdiction, power, and authority to correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed. Prior to entering any order correcting, reducing, or modifying any sentence, the court shall afford notice and an opportunity for a hearing to the prosecuting attorney. Any order modifying a sentence which is entered without notice and an opportunity for a hearing as provided in this subsection shall be void. This subsection shall not limit any other jurisdiction granted to the court in this Code section or as provided for in subsection (g) of Code Section 42-8-34.

[5] OCGA § 17-7-170 (a) reads:

Any defendant against whom a true bill of indictment or an accusation is filed with the clerk for an offense not affecting the defendant's life may enter a demand for speedy trial at the court term at which the indictment or accusation is filed or at the next succeeding regular court term thereafter; or, by special permission of the court, the defendant may at any subsequent court term thereafter demand a speedy trial. In either case, the demand for speedy trial shall be filed with the clerk of court and served upon the prosecutor and upon the judge to whom the case is assigned or, if the case is not assigned, upon the chief judge of the court in which the case is pending. A demand for speedy trial filed pursuant to this Code section shall be filed

for any other filings, and even that statute does not specify that service must be perfected before the expiration of the term in which the demand is filed. Further, in *Leimbach*, there was a factual finding by the trial court that the defendant had not met those statutory requirements. No such finding is present here.

The State fails, however, to cite what is procedurally the most relevant statutory framework, that dealing with a motion in arrest of judgment. OCGA § 17-9-60 et seq. Such a motion "must be made during the term at which the judgment was obtained." OCGA § 17-9-61 (b). And, "the opposite party must have reasonable notice of such motions." OCGA § 17-9-60. Under OCGA § 17-9-60, there is no requirement that the notice be given to the opposing party before the end of the term in which the judgment was obtained. The materiality of this statutory scheme to consideration of motions to withdraw guilty pleas has previously been recognized.

> [T]he authority for withdrawal in the same term of a plea of guilty after judgment is judicial in origin, and generally refers to an attack on a plea for defects dehors the record, as where the plea was rendered through mistake or undue influence. The statutory authority for modification of a criminal judgment is OCGA § 17-9-60 et seq., which autho-rizes a motion in arrest of judgment. A motion in arrest of judgment, like a motion for withdrawal of plea, must be made at the same term the judgment was obtained (OCGA § 17-9-61 (b)), and addresses only a nonamendable defect on the face of the record. OCGA § 17-9-61 (a). [Cit.]

*Bonner v. State*, 268 Ga. App. 170, 171-172 (1) (601 SE2d 478) (2004).

Looking to OCGA § 17-9-60 for guidance, it is clear that the trial court erred in dismissing the motion; the State had reasonable notice of the motion, the rule nisi being issued 18 days before it was first set for a hearing, see *Brown v. King*, 266 Ga. 890, 891 (1) (472 SE2d 65) (1996), and over two years before the hearing was eventu-ally held. As McKiernan's motion to withdraw his guilty plea was filed within the mandated time frame, we vacate the trial court's judgment dismissing the motion, and remand this case to the trial court for a rehearing on the motion, to be conducted in conformity

---

as a separate, distinct, and individual document and shall not be a part of any other pleading or document. Such demand shall clearly be titled "Demand for Speedy Trial"; reference this Code section within the pleading; and identify the indictment number or accusation number for which such demand is being made. The demand for speedy trial shall be binding only in the court in which the demand for speedy trial is filed, except where the case is transferred from one court to another without a request from the defendant.

with this opinion. See *Jackson v. State*, 285 Ga. 840, n. 1 (684 SE2d 594) (2009); *Fortson v. State*, 272 Ga. 457, 460-461 (2) (532 SE2d 102) (2000).

*Judgment vacated and case remanded. All the Justices concur.*

DECIDED MARCH 22, 2010.

*Sexton & Sexton, Giles D. Sexton*, for appellant.
*Daniel J. Porter, District Attorney, Jon W. Setzer, Assistant District Attorney*, for appellee.