## A11A0263. WATSON v. THE STATE.

(706 SE2d 194)

ANDREWS, Judge.

On appeal from the trial court's denial of his motion to withdraw a guilty plea, Phillip Watson argues that because the motion was timely filed, the court erred in refusing to hold an evidentiary hearing concerning his ineffective assistance claim and in denying the motion. We agree that the motion remained pending, vacate the denial of the motion, and remand the case for further proceedings.

The record shows that on May 9, 2008, Watson pled guilty to three counts of electronically furnishing obscene materials to minors and was sentenced to thirty-six months with fourteen to serve. On May 21, 2008, Watson moved to withdraw his guilty plea on the ground that it was manifestly unjust.[1] After notice to the State, a hearing was held on May 30, 2008, at which Watson's counsel, who had also represented him at the plea hearing, asked for a continuance "two or three months down the road." After noting that Watson had already been sentenced, the trial court said that "counsel can request [the hearing] to be put down at any time that you choose." When counsel asked that the case be taken off the calendar, the trial court said: "All right, it will be removed from the calendar now."

Almost two years later, on March 4, 2010, and represented by new counsel, Watson brought an amended motion to withdraw his plea on the ground that previous counsel had rendered ineffective assistance concerning the collateral consequences of his plea. Specifically, Watson alleged that previous counsel had told him that if he pled guilty, he would be released from Whitfield County jail that day and could evade Montana authorities, who were seeking his arrest, but that in fact Watson was not released and was instead arrested by Montana authorities, who transported him to that state before the hearing on his amended motion. After that hearing, the trial court entered an order denying the motion to withdraw on grounds including that it did not allege more than a legal conclusion, had been entered only for the purpose of "keep[ing] the record open," did not relate back, and had been abandoned through inaction. This appeal followed.

1. The Supreme Court of Georgia has recently held that "the most relevant statutory framework" for the analysis of a motion to withdraw a guilty plea after entry of a sentence is laid out in OCGA § 17-9-60 et seq. *McKiernan v. State*, 286 Ga. 756, 759 (692 SE2d 340)

---

[1] See Uniform Superior Court Rule 33.12 (A) (a defendant may move to withdraw a guilty plea "whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice").

(2010). " 'The authority for withdrawal in the same term of a plea of guilty after judgment is judicial in origin, and generally refers to an attack on a plea for defects dehors [outside] the record, as where the plea was rendered through mistake or undue influence.' " Id., quoting *Bonner v. State*, 268 Ga. App. 170, 171 (1) (601 SE2d 478) (2004). By contrast, though a motion *in arrest of judgment* " 'must [also] be made at the same term the judgment was obtained (OCGA § 17-9-61 (b)),' " the latter " 'addresses only a *nonamendable defect on the face of the record*. OCGA § 17-9-61 (a).' " (Emphasis supplied.) Id., quoting *Bonner*, 268 Ga. App. at 171-172 (1).

Here, as in *McKiernan*, Watson brought his initial motion to withdraw his plea before the end of the term in which the sentence was rendered, even though a hearing on the motion was not held until well after the expiration of that term. There is no dispute in this case that the State had adequate notice of the motion. Compare *McKiernan*, 286 Ga. at 758-759. Nor can we conclude that the timely motion was abandoned when Watson attached a rule nisi to both the original motion and the amended motion and where, as here, the trial court authorized Watson to reschedule the hearing on the motion "at any time that you choose." It follows that the trial court's denial of the motion on the ground of abandonment was error. Id. at 759-760 (vacating dismissal of motion to withdraw guilty plea and remanding for a rehearing on the motion); compare *Vaughan v. State*, 161 Ga. App. 265, 266 (287 SE2d 728) (1982) (finding no abuse of discretion in dismissal of motion to withdraw guilty plea when defendant failed to attach a rule nisi to the motion).

2. Proceeding under the rubric approved in *McKiernan* and *Bonner*, it appears that Watson's claim depends on subject matter appearing *outside* the face of the record — that is, whether counsel's representations to him before or during the plea hearing amounted to ineffective assistance. We therefore analyze his motion as one to withdraw a guilty plea, and not as one in arrest of judgment. *McKiernan*, 286 Ga. at 759.

According to the transcript of the hearing on the motion to withdraw, Watson's previous counsel was hospitalized in June 2008, shortly after obtaining an indefinite continuance on the motion to withdraw and shortly before the end of the term of court in which Watson's sentence had been entered. See OCGA § 15-6-3 (12) (B) (Whitfield County term of court begins on the second Monday in January and July). New counsel also represented to the court that not until the end of 2008 was it determined that previous counsel would not return to representation, after which time his cases were reassigned. It is thus possible that the amended motion to withdraw was the "earliest practicable moment" at which to raise the question of previous counsel's ineffectiveness. *Hills v. State*, 296 Ga. App. 101,

102 (673 SE2d 614) (2009).

"The plea withdrawal proceeding is a critical stage of the criminal prosecution and absent waiver, a defendant is entitled to counsel to assist him in seeking to withdraw his guilty pleas." (Punctuation omitted.) *Brown v. State*, 295 Ga. App. 107, 108 (670 SE2d 900) (2008), quoting *Fortson v. State*, 272 Ga. 457, 459 (1) (532 SE2d 102) (2000). "This is so in part because a hearing on a motion to withdraw a guilty plea involves intricacies of the law and advocacy by the State against the defendant." (Punctuation omitted.) *Brown*, 295 Ga. App. at 108.

In its current state, the record does not show whether or why previous counsel advised Watson that he would escape detention in Montana if he pled guilty. Compare *Freeman v. State*, 282 Ga. App. 185, 189 (3) (638 SE2d 358) (2006) (remand is not mandated if the reviewing court can determine from the record that the defendant cannot show ineffective assistance). We therefore vacate the trial court's denial of Watson's motion and remand this case to the trial court in order to "develop the record regarding his claim of ineffectiveness," after which Watson may "appeal [any] denial of that motion." (Punctuation omitted.) *Brown*, 295 Ga. App. at 108 (reversing trial court's denial of motion to withdraw plea and remanding for further proceedings on the question of previous counsel's ineffectiveness); *Hills*, 296 Ga. App. at 103-104 (vacating denial of motion to withdraw plea and remanding for evidentiary hearing on defendant's claim that post-conviction counsel was ineffective).

*Judgment vacated and case remanded with direction. Phipps, P. J., and McFadden, J., concur.*

DECIDED FEBRUARY 14, 2011.

*Michael R. McCarthy*, for appellant.
*Kermit N. McManus, District Attorney, Stephen E. Spencer, Assistant District Attorney*, for appellee.