A11A0032. CROY v. THE STATE.
(709 SE2d 913)

ADAMS, Judge.

On August 23, 2004, Aaron Croy entered a plea of guilty to one count of kidnapping with bodily injury. He was sentenced to twenty

---

years, to serve ten, and he is required to serve the entire ten years in prison with no chance of parole.[1] On September 20, 2004, Croy moved to withdraw his plea, which, following a hearing, the trial court denied.[2]

On appeal, Croy does not contend that his plea was not voluntary, nor does he challenge any other aspect of his plea, save one. Although Croy admits that he knew he was subject to a ten-year minimum sentence, he contends his trial counsel was ineffective because counsel told him prior to the plea that he would "do but two or three years on this and you will be out," that he "would do a couple of years on it and . . . get paroled." At the hearing his mother testified that she was present for the relevant conversation and that she, too, heard trial counsel say that her son would not serve the whole ten years. Thus, Croy asserts that counsel misled him about the mandatory minimum prison term, and that if he had known he would have to serve the entire ten years, he would not have taken the plea.

The defendant carries the burden on a motion to withdraw a plea based on ineffective assistance of counsel:

> [I]f the motion to withdraw is based on an ineffective assistance of counsel claim, the defendant bears the burden of showing that, had it not been for his attorney's deficient representation, a reasonable probability exists that he would have insisted on a trial.

(Punctuation and footnotes omitted.) *Hill v. State*, 267 Ga. App. 357, 357-358 (599 SE2d 307) (2004). See also *Rollins v. State*, 277 Ga. 488, 490-491 (2) (591 SE2d 796) (2004). " 'A trial court's ruling on a motion to withdraw a guilty plea after sentencing is pronounced will not be disturbed absent an abuse of discretion.' [Cit.]" *Clue v. State*, 273 Ga. App. 672, 673 (615 SE2d 800) (2005).

At the plea hearing, the prosecutor explained that Croy would

---

[1] Prior to the 2006 amendment, OCGA § 17-10-6.1 (b) read:

(b) Notwithstanding any other provisions of law to the contrary, any person convicted of a serious violent felony as defined in paragraphs (2) through (7) of subsection (a) of this Code section shall be sentenced to a mandatory minimum term of imprisonment of ten years and no portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court and shall not be reduced by any form of pardon, parole, or commutation of sentence by the State Board of Pardons and Paroles. . . .

See also *Priest v. State*, 281 Ga. App. 89, 91 (635 SE2d 377) (2006).

[2] The State's argument that Croy's motion to withdraw was untimely is without merit. As long as the motion to withdraw is filed in the same term of court as the plea, it is timely regardless of when the related hearing occurs or when the court's order is issued. *McKiernan v. State*, 286 Ga. 756 (692 SE2d 340) (2010); *Watson v. State*, 307 Ga. App. 839 (706 SE2d 194) (2011).

plead guilty to kidnapping with bodily injury with a recommendation that the court nolle prosse counts of simple battery and cruelty to children. The prosecutor continued, "The State recommends on Count One he plea to a sentence of twenty years, that upon service of ten in the state penal system the remainder be served on probation. . . ."

At the hearing on the motion to withdraw the plea, trial counsel testified that he told Croy that there was a possibility he would get life in prison. The testimony continued as follows:

> Q: Do you recall if you spoke with him about parole at all?
>
> A: I don't recall whether I spoke to him about parole or what he would get or what he wouldn't get. I usually would have gone over — with all my clients I would go over the possibilities that they could get and the evidence against him, that is all I recall. . . . I don't recall exactly what I said to Mr. Croy, but I'm certain that I told him about what his consequences were.
>
> Q: Do you — so you don't really know whether you told him that he would be out in less than ten years?
>
> A: I know that I didn't tell him that he would — that I would guarantee that he would be out in less than 10 years.
>
> Q: But you may have told him there was a possibility that he would be?
>
> A: I don't think I would have told him that, but I could have. He could have took it that way. I don't recall exactly what I said to him.

On cross-examination, counsel testified that he was sure that he reviewed OCGA § 17-10-6.1 (b) in connection with talking to Croy about the sentence he was facing.

The trial court found as a matter of fact and law that Croy's plea was voluntary and that trial counsel provided reasonably effective assistance of counsel. The court also concluded

> that there is no evidence which establishes that there were any errors on the part of counsel for the defendant upon which the Court could find that but for those errors there is a reasonable probability that the defendant would not have entered a plea of guilty and would have gone to trial.

It is true that "trial counsel's affirmative act of providing misinformation concerning a defendant's basic parole eligibility falls outside the range of professional competence for attorneys in crimi-

nal cases. . . ." *Clue*, 273 Ga. App. at 673-674. But merely failing to inform the defendant on the same topic is not ineffective assistance. See *Smith v. Williams*, 277 Ga. 778, 779 (1) (596 SE2d 112) (2004) (distinguishing "the failure to inform about those consequences from an affirmative misrepresentation about those consequences").

Here, it was within the trial court's discretion to conclude that trial counsel did not affirmatively provide Croy misinformation regarding his parole eligibility. Counsel testified that he reviewed the relevant statute, that he told Croy what the consequences would be to a plea, and that he does not believe he would have told Croy that he might get out sooner than ten years. The court also could have found incredible Croy's claim that he would rather have risked a possible life sentence than take the plea had he known he was not eligible for parole. Compare *Clue*, 273 Ga. App. at 673 (trial court held that trial counsel incorrectly advised defendant about his parole eligibility).

*Judgment affirmed. Barnes, P. J., and Blackwell, J., concur.*

DECIDED APRIL 12, 2011.

*Jennifer E. Hildebrand*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, Michael J. Moeller, Assistant District Attorney*, for appellee.