301 Ga. 658
FINAL COPY

S17A1152.  DAVIS v. THE STATE.

HUNSTEIN, Justice.

On September 17, 2013, a Bibb County grand jury indicted Appellant Brandon Davis for malice murder and felony murder predicated on aggravated assault in connection with the April 1, 2013 stabbing death of Chassity Lester. Pursuant to a negotiated plea agreement, the State nolle prossed the malice murder count and Davis pled guilty to felony murder; he received a life sentence.

Two weeks later, within the same term of court, guilty plea counsel moved to withdraw Davis' guilty plea alleging "manifest injustice."  At a subsequent hearing — during which Davis was still represented by the same attorney — Davis personally alleged that guilty plea counsel was ineffective; while counsel acknowledged that this was the crux of Davis' complaint, he also argued that Davis' plea was not knowingly and voluntarily made.  The trial court neither appointed new counsel after Davis raised a claim of ineffective assistance nor

received evidence on the claim. Nevertheless, the trial court made a verbal ruling that there was no evidence to support Davis' allegation of ineffective assistance and, later, entered an order summarily denying Davis' motion.

Davis appealed and, after the case was docketed in this Court, obtained new counsel who, now, reasserts Davis' ineffectiveness claim.[1] For the following reasons, we reverse and remand this case for the trial court to hold a hearing on Davis' ineffectiveness claim with current new counsel.

"After sentencing, a defendant may withdraw a guilty plea 'only to correct a manifest injustice,' such as where the defendant was 'denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges.'" (Citation and punctuation omitted.) McGuyton v. State, 298 Ga. 351, 353 (782 SE2d 21) (2016). However, because Davis was represented by the same counsel at both his guilty plea hearing and on his motion to withdraw guilty plea, Davis could not have raised a claim of ineffective assistance at that time. See Hampton v. State, 272 Ga. 284 (10) (527

___

[1] In his brief to this Court, Davis emphasizes that his allegation of manifest injustice is not based upon "psychological coercion" by the State to enter a guilty plea, but instead is solely concerned with the ineffective assistance of guilty plea counsel. Therefore, because Davis is not alleging that he was coerced into entering his guilty plea, we deem this argument to be abandoned and will not review it on appeal.

SE2d 872) (2000); White v. Kelso, 261 Ga. 32, 32 (401 SE2d 733) (1991) ("an attorney cannot reasonably be expected to assert or argue his or her own ineffectiveness"). Instead, the earliest practicable moment Davis could have properly raised a claim of ineffectiveness is with new counsel on appeal. See White, 261 Ga. at 32. Accordingly, as this was the first time Davis could have properly raised a claim of ineffective assistance of guilty plea counsel, we remand his case to the trial court for a hearing and determination on this issue. See Williams v. State, 280 Ga. 539 (5) (630 SE2d 410) (2006).

Furthermore, to the extent that the trial court considered Davis' claim of ineffective assistance without first appointing new counsel, and then ruled on the merits of such a claim, this was reversible error. See Kennebrew v. State, 267 Ga. 400, 402 (480 SE2d 1) (1996) ("trial court erred in addressing the merits of [defendant's] motion for new trial on the issue of ineffective assistance of trial counsel without first appointing new counsel"); Johnson v. State, 266 Ga. 775 (9) (470 SE2d 637) (1996) (holding that it is error for a trial court to address claims of ineffective assistance raised by a defendant in a pro se motion for new trial where that defendant is still represented by trial counsel). See also

Brown v. State, 295 Ga. App. 107 (670 SE2d 900) (2008) (trial court erred in failing to inform defendant he was entitled to new counsel when pursuing a claim of ineffective assistance in a timely filed motion to withdraw guilty plea, and for holding a hearing on the motion while defendant represented by same counsel).

Judgment reversed and case remanded with direction. All the Justices concur.

Decided June 30, 2017.

Murder. Bibb Superior Court. Before Judge Simms.

Cooper, Shrable & Cooper, Michael D. Cooper, Ashley A. Cooper, for appellant.

K. David Cooke, Jr., District Attorney, Dorothy V. Hull, Myra H. Tisdale, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.