350 Ga. 835
FINAL COPY

S19A0173.  GOODEN v. THE STATE.

BOGGS, Justice.

Shontori Neoshuba Gooden appeals after the denial of her motion to withdraw her plea of guilty to felony murder, asserting as her sole enumeration of error that the case should be remanded for a hearing on alleged ineffective assistance of counsel. We disagree and affirm.

On November 18, 2016, Gooden was indicted for felony murder and other crimes arising out of the October 2016 shooting of Nyla Foster. On May 30, 2017, represented by public defender Monica Myles, Gooden entered a negotiated plea of guilty to felony murder and was sentenced. On June 8, 2017, Gooden's second attorney, Lawrence W. Daniel, was "assigned [as] outside conflict counsel" and filed a motion to withdraw the guilty plea. The trial court denied that motion after a hearing. Daniel filed a notice of appeal to the Court of Appeals, and James Luttrell was substituted as Gooden's

appellate counsel. The Court of Appeals properly transferred Gooden's appeal to this Court.

The motion to withdraw Gooden's guilty plea was filed on June 16, 2017. Counsel filed a skeletal pleading, including only the following factual allegation:

> Counsel is awaiting meaningful instruction from his client as to what constitutes the basis for her Motion to Withdraw Guilty Plea. Counsel is uncertain whether [s]he is alleging that the plea was not given "freely, voluntarily and knowingly," or whether [s]he is alleging ineffective assistance of trial counsel in entering the plea.

On July 28, 2017, the trial court issued an order to produce Gooden at the hearing on the motion, which was set for October 10, 2017. As soon as the hearing began, Daniel moved for a continuance. He told the court that shortly after he filed the motion, Gooden informed him that she did not want to pursue withdrawal of her guilty plea. He sent the necessary papers to her to withdraw the motion, but she signed them on the wrong signature line; he sent them to her again, but she signed them in too many places, including the signature line for a witness; he sent them to her a final time, but

he received no response. He concluded that it would be simpler to have Gooden attend the hearing and withdraw the motion in person, but when he met with her immediately before the hearing, she told him that she wanted to proceed with the motion to withdraw her guilty plea after all.[1] Daniel also informed the court that Gooden had told him that she had mental health issues and refused medication while detained at the county jail but that she had begun taking medication again once in state custody and "is thinking better and that's why she wants to go forward."

The trial court denied the motion for a continuance and went forward with the hearing. Daniel called no witnesses and presented no evidence but argued that Myles should have moved for a psychiatric evaluation before allowing Gooden to enter a guilty plea. The State argued that Gooden's plea was knowing and voluntary, that she had shown no evidentiary basis for withdrawing her guilty plea, and, finally, that the State's investigation had uncovered

---

[1] The State also believed until the time of the hearing that Gooden intended to withdraw her guilty plea.

evidence that Gooden was malingering and "attempting to manufacture a mental health defense to the underlying charges."

On October 13, 2017, the trial court entered a written order denying the motion to withdraw the guilty plea. The court explained that it denied the motion for a continuance because it was "based on the Defendant's decision to plead guilty, then move to withdraw the guilty plea, then change her mind about that motion, then change it again, all the while declining to cooperate with counsel." The court further found that "four months is ample time for the Defendant to decide whether she wants to proceed with a Motion to Withdraw or not, and communicate with her counsel the information necessary to pursue the Motion" and quoted this Court's statement in *Rivers v. State*, 250 Ga. 303, 307 (5) (298 SE2d 1) (1982), that the fact "that [defendant's counsel] did not have the benefit of the defendant's cooperation until shortly before trial, is the defendant's own fault, about which he cannot now complain." The trial court further found no evidence of deficient performance on the part of Myles, ruled that Gooden was properly advised of the rights listed in *Boykin v.*

*Alabama*, 395 U. S. 238, 243 (89 SCt 1709, 23 LE2d 274) (1969), and entered her plea freely and voluntarily and with a factual basis, and therefore denied the motion to withdraw the guilty plea. Gooden filed a timely notice of appeal, and Luttrell then filed an entry of appearance on her behalf as appellate counsel.

In her sole enumeration of error, Gooden contends that her case should be remanded to the trial court for an evidentiary hearing on the issue of ineffective assistance of plea counsel Myles, arguing that she had "no meaningful opportunity to examine whether plea counsel rendered ineffective assistance by failing to seek a competency evaluation prior to entering the plea."[2] She relies upon *Johnson v. State*, 259 Ga. 428 (3) (383 SE2d 115) (1989), overruled in part on other grounds, *Wilson v. State*, 277 Ga. 195, 199 (2) (586 SE2d 669) (2003). This Court has noted, citing *Johnson,*

> that, where the issue of effectiveness is raised for the first time on appeal by an appellate attorney who did not represent the defendant at trial or on motion for new trial and who did not file an amended motion for new trial, a

---

[2] Importantly, Gooden does *not* raise a claim regarding the ineffective assistance of her motion to withdraw counsel, Daniel. Nor does she assert that the trial court erred in denying her motion for continuance.

remand for hearing on the issue of effectiveness may be appropriate.

(Citation, punctuation and emphasis omitted.) *Owens v. State*, 263 Ga. 99, 102 (3) (428 SE2d 793) (1993).[3]

At the hearing on the motion to withdraw Gooden's guilty plea, Daniel plainly raised this ineffectiveness claim, although he did not examine plea counsel or Gooden herself and did not present any evidence regarding the circumstances surrounding the plea or Gooden's alleged mental health issues.[4] Consequently,

> [o]nly where no opportunity existed for the defendant to raise an ineffectiveness claim prior to appeal have cases been remanded for a hearing. . . . Here, appellant not only had the opportunity to raise a claim of ineffective assistance of [plea] counsel on motion [to withdraw guilty plea], but [s]he actually raised this claim in [that motion] following the appointment of new counsel. As a result, this claim has already been raised and adjudicated by the

---

[3] We agree with the parties and with our Court of Appeals that this standard applies equally to motions to withdraw a guilty plea, and "we can discern no reasonable basis on which to distinguish the two procedural postures in light of the underlying principles." *Dawson v. State*, 302 Ga. App. 842, 843 (691 SE2d 886) (2010).

[4] Gooden asserts that she must have a "meaningful opportunity" to present this claim, contending that she did not receive such an opportunity because her motion to withdraw counsel did not present evidence regarding the alleged deficiency. But, as noted above, Gooden does not assert ineffective assistance of her motion to withdraw counsel.

trial court and appellant is not entitled to a remand for further consideration of this issue below.

(Citations, punctuation and footnote omitted.) *Terrell v. State*, 300 Ga. 81, 87 (3) (791 SE2d 411) (2016).[5] Moreover, Gooden presents no argument in support of her claim of ineffective assistance of plea counsel. See *Patel v. State*, 279 Ga. 750, 754 (c) (620 SE2d 343) (2005).

Gooden's "claim has already been raised and adjudicated by the trial court and appellant is not entitled to a remand for further consideration of this issue below." (Citations and footnote omitted.) *Terrell*, supra, 300 Ga. at 87 (3); cf. *Davis v. State*, 301 Ga. 658, 659 (802 SE2d 246) (2017) ("[B]ecause Davis was represented by the same counsel at both his guilty plea hearing and on his motion to withdraw guilty plea, Davis could not have raised a claim of ineffective assistance at that time.") (Citations omitted.).

Judgment affirmed. All the Justices concur.

---

[5] In *Terrell*, as here, appellant did not raise on appeal an ineffective assistance of counsel claim against successor counsel (there, first appellate counsel; here, motion to withdraw counsel). See 300 Ga. at 87 n.6.

Decided May 20, 2019.

Murder. Douglas Superior Court. Before Judge McClain.

Lawrence W. Daniel, James K. Luttrell, for appellant.

Ryan R. Leonard, District Attorney, Aimee F. Sobhani, Deah B. Warren, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.